PEOPLE *v.* ROBERSON

1. COURTS—CRIMINAL CAUSES—ASSIGNMENT—COURT RULE.

 The court rule providing for assignment of criminal causes to the various judges in a circuit is not mandatory but directory, and the mere fact that one judge presided over a hearing at which counsel was appointed for defendant does not mean that that judge had sole jurisdiction over the case and that it could not be assigned to another judge for arraignment (GCR 1963, 925.5).

2. CRIMINAL LAW—ARRAIGNMENT—JURISDICTION—APPEAL AND ERROR.

 Defendant's contention that the judge who presided at his arraignment was without jurisdiction of defendant's case will not be considered by the Court of Appeals where defendant did not object to the jurisdiction at the time of arraignment and does not assert that there has been any miscarriage of justice.

Appeal from Berrien, Karl F. Zick, J. Submitted Division 3 April 9, 1969, at Grand Rapids. (Docket No. 5,012.) Decided April 22, 1969. Leave to appeal denied August 26, 1969. See 382 Mich 779.

Clarence Roberson was convicted, on his plea of guilty, of attempted larceny from a motor vehicle. Defendant appeals. Affirmed.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 30A Am Jur, Judges § 185.
[2] 5 Am Jur 2d, Appeal and Error § 545.
 Time for asserting disqualification of judge, and waiver of disqualification. 73 ALR2d 1238.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Ronald J. Taylor,* Prosecuting Attorney, and *Wilbur Schillinger,* Assistant Prosecuting Attorney, for the people.

*Maurice A. Nelson,* for defendant on appeal.

BEFORE: QUINN, P. J., and HOLBROOK and T. M. BURNS, JJ.

PER CURIAM. Defendant, Clarence Roberson, appeared before Honorable Chester J. Byrns, a circuit judge of Berrien County, on September 5, 1967. During these proceedings defense counsel was appointed for the defendant, at his request, but no plea was offered, accepted or entered. The crime was attempted larceny from a motor vehicle, in violation of CL 1948, § 750.356a (Stat Ann 1954 Rev § 28.588 [1]).

On September 18, 1967, defendant was arraigned by the Honorable Karl F. Zick, also a circuit judge of Berrien county, and a plea of guilty was accepted. Sentence of 2 years and 4 months to 2-1/2 years was pronounced on November 27, 1967. Defendant appeals, claiming jurisdiction over the matter was with Judge Byrns and that Judge Zick did not have jurisdiction and, therefore, the proceedings in his court were void. The relief asked herein is for a new trial and remand to Judge Byrns' court for further proceedings. He alleges a procedural violation of GCR 1963, 925.5 concerning assignment.

Defendant's entire claim of procedural error concerns the construction placed upon the following court rule:

GCR 1963, 925.5—Assignment.

"(1) Each civil action shall be assigned to one of the judges of the circuit at the time of its commence-

ment.   Such assignment shall be made by lot and in such manner as to result, as nearly as possible, in each judge of the circuit receiving an equal number of actions from each of the following classifications: automobile negligence, domestic relations, and other general civil.   Criminal actions *may be assigned* in the same manner as civil actions, or *may be brought* before the presiding judge for arraignment.   If brought before the presiding judge and *a plea of guilty is entered,* the presiding judge *shall retain the action;* and if a plea of not guilty is entered, the presiding judge shall forthwith assign the action by lot to one of the judges of the circuit."   (Emphasis supplied.)

GCR 1963, 925.5 provides that in civil cases they "shall be assigned"; however, for criminal cases it provides that they "may be assigned".   Thus in criminal cases the court rule is not mandatory but directory.

In criminal practice the arraignment of a prisoner consists of calling upon him by name, reading the indictment or information, demanding of him whether he be guilty or not guilty, and entering his plea.   When a valid plea of guilty is made and entered before a judge, then that judge is to preside and he has the proper jurisdiction, unless for some reason he becomes disqualified.   Judge Byrns merely appointed counsel for the defendant at his request which was preliminary and could be termed as ministerial; by so doing, Judge Byrns did not gain exclusive jurisdiction of the case.

The defendant did not object to the jurisdiction of Judge Zick at the time of his arraignment and sentence.   He cannot complain of the length of sentence given to him, for it is within the statutory limits.

The defendant does not assert that he is not guilty of the crime nor does he claim any miscarriage of justice or that he has been denied any basic consti-

tutional rights. *People* v. *Piotrowski* (1966), 4 Mich App 510.

Defendant does not show that Judge Zick was not legally assigned to hear his case under the court rule. We assume on review that the court rule was followed in the absence of a showing to the contrary on the record. We find no error in the procedure followed in this case.

Affirmed.