465 P.2d 594

**The STATE of Arizona, Appellee,**

v.

**Oshal Patrick MILLER, Appellant.**

**No. 2 CA–CR 195.**

Court of Appeals of Arizona, Division 2.

March 3, 1970.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Michael M. Moore, Tucson, for appellant.

KRUCKER, Judge.

Defendant, Oshal Patrick Miller, appellant herein, was informed against for a felony on the 8th day of October, 1968. The State filed an amended information charging him with aggravated assault in violation of A.R.S. § 13-245, as amended, on November 19, 1968. Defendant plead guilty. A pre-sentence hearing was held and the defendant was advised of all of his rights and was represented by counsel. The trial judge suspended the imposition of sentence and placed the defendant on probation for three years.

On March 14, 1969, the same trial judge granted a petition for revocation of defendant's probation and sentenced him to a term in the Arizona State Prison of not less than two nor more than four years on the charge of aggravated assault.

The sole issue raised in this appeal is whether it was error for the trial court to not make an affirmative finding that the plea of guilty was intelligently and voluntarily made with full understanding of the nature of the charge. The defendant relies upon Boykin v. State of Alabama, 89 S.Ct. 1709, 395 U.S. 238, 23 L.Ed.2d 274 (1969); Kercheval v. United States, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009 (1927); State v. Griswold, 105 Ariz. 1, 457 P.2d 331 (1969); and Application of Buccheri, 6 Ariz.App. 196, 431 P.2d 91 (1967).

First, we point out that *Boykin*, supra, does not apply to the instant case as its principles apply prospectively only. *Griswold,* supra. However, assuming it does apply, we believe its mandates have been met here. We read *Boykin* to mean that when accepting a plea of guilty, a trial court must make a record of inquiry as to the intelligence of the plea. There is no requirement that, in addition, he make a specific finding of voluntariness other than that implied by ultimately taking the plea. In the instant case, the record is clear that defendant was making an intelligent waiver. He was first interrogated at his arraignment on November 19, 1968:

"THE COURT: What's before us on the amended information?

MR. O'DOWD: On the amended information it's been indicated to me by Mr. Miller that he would plead guilty to that charge.

THE COURT: Is that your wish, Mr. Miller?

MR. MILLER: Yes.

THE COURT: You heard your attorney Erik O'Dowd and he is your attorney, is that correct?

MR. MILLER: Yes.

THE COURT: As to the amended information charging you with aggravated assault, it's your wish to plead guilty to that charge?

MR. MILLER: Yes, sir.

THE COURT: Do you understand aggravated assault is one that can be treated either as a misdemeanor or felony?

MR. MILLER: Yes.

THE COURT: Is that correct, Mr. Neubauer?

MR. NEUBAUER: Yes, your Honor.

THE COURT: Is that correct, Mr. O'Dowd?

MR. O'DOWD: Yes, your Honor.

THE COURT: If the Court elects to treat it as a misdemeanor you may get one year in the county jail. If the court elects to treat it as a felony you would get not less than one year in prison and no more than what, five?

MR. NEUBAUER: Five.

THE COURT: Or probation for some period of time in between those two periods of time. Do you understand that?

MR. MILLER: Yes, sir.

THE COURT: Do you understand the way the Court determines whether it should be felony or a misdemeanor, or whether it should be probation or prison or jail sentence, is largely determined based upon the facts that are provided me by the probation officer, who is an officer of this court and answerable to the court, about all the facts concerned with the case, about your background, about what kind of person you'll be expected to be in the future. Do you understand all that?

MR. MILLER: Yes, sir.

THE COURT: So you understand it's my responsibility if I sentence you to make that determination first, whether to call this a misdemeanor or a felony, and thereafter whether to give you either a jail sentence or prison sentence, or probation, regardless of which way I treat it. Do you understand that?

MR. MILLER: Yes. sir."

\* \* \* \* \* \*

The record reflects that defendant was also extensively advised on several other occasions. At the hearing on sentencing March 14, 1969, we find the following colloquy:

\* \* \* \* \* \*

"THE COURT: One to five. All right.

You were granted probation for a period of three years, back in February— no, that's not February. November, 1968, Mr. Miller, and at that time I think I told you that if your probation should be revoked, you could stand to be sentenced for any period of time in between one, and five years. Do you recall that?

MR. MILLER: Yes, I do.

THE COURT: And so at this time, before I impose sentence upon you in this matter, I'm going to ask you if there's anything you want to add to the record before sentence is imposed. You don't have to say anything, but you're certainly entitled to if you want to.

MR. MILLER: No."

\* \* \* \* \* \*

Finding no merit to defendant's contention, the judgment is affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.