PEOPLE *v.* MILES

1. Robbery — Armed Robbery — Plea of Guilty — Narcotics Intoxication — Remand for Evidentiary Hearing — Specific Intent.

> The bare suggestion of narcotics intoxication at arraignment proceedings is not sufficient basis for a remand for an evidentiary hearing where defendant did not allege below, when he entered a plea of guilty of armed robbery, and does not allege on appeal that he was in fact under the influence of narcotics and unable to form the specific intent.

2. Robbery—Armed Robbery—Plea of Guilty—Court—Mandatory Minimum Sentence—Statutes.

> No necessity exists for trial court to advise defendant, who enters a plea of guilty, of the possibility of a mandatory minimum sentence under the armed-robbery statute where neither defendant nor his accomplice assaulted or injured anyone during the robbery (MCLA § 750.529).

Appeal from Recorder's Court of Detroit, Samuel H. Olsen, J. Submitted Division 1 October 27, 1970, at Detroit. (Docket No. 9016.) Decided December 8, 1970.

Alvin Lee Miles was convicted, on his plea of guilty, of armed robbery. Defendant appeals. Motion to affirm granted.

---

References for Points in Headnotes

[1] 25 Am Jur 2d, Drugs, Narcotics, and Poisons § 44.
[2] 21 Am Jur 2d, Criminal Law §§ 484–496.
   Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Thomas J. Olejnik,* for defendant on appeal.

Before: J. H. Gillis, P. J., and V. J. Brennan and O'Hara,* JJ.

Per Curiam. The people move to affirm (GCR 1963, 817.5[3]) defendant's conviction, on his plea of guilty, of armed robbery contrary to MCLA § 750.529 (Stat Ann 1970 Cum Supp § 28.797).

It is manifest from an examination of the record that the question sought to be appealed, on which decision of this cause depends, is so unsubstantial as to need no argument or formal submission. *Boykin* v. *Alabama* (1969), 395 US 238 (89 S Ct 1709, 23 L Ed 2d 274) does not require the specific enumeration and waiver of the privilege against self-incrimination, the right to trial by jury and the right to confront one's accusers. *People* v. *Sepulvado* (1970), 27 Mich App 66. Defendant's reference at the arraignment proceedings to the fact that he was "on the habit of narcotics" is not sufficient to establish that defendant was under the influence of narcotics and unable to form a specific intent. See *People* v. *Spencer* (1970), 23 Mich App 56. The bare suggestion of narcotics intoxication is not sufficient basis for a remand for an evidentiary hearing, especially where, as here, defendant did not allege below and does not allege here that he was in fact

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

under the influence of narcotics and unable to form the specific intent. Finally, there was no necessity for the court to advise defendant of the possibility of a mandatory minimum sentence under the armed-robbery statute where neither defendant nor his accomplice assaulted or injured anyone during the commission of the robbery.

Motion to affirm is granted.