478 P.2d 122

**The STATE of Arizona, Appellee,**
**v.**
**Sandy SMITH, Jr., Appellant.**
**No. I CA–CR 243.**

Court of Appeals of Arizona, Division 1.
Dec. 22, 1970.
Rehearing Denied Jan. 28, 1971.
Review Denied March 2, 1971.

Gary K. Nelson, Atty. Gen. by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

KRUCKER, Judge.

In 1968, an information was filed accusing appellant of unlawful possession of heroin and alleging two prior convictions. He subsequently plead guilty to the charge of possession, and at the time of sentencing the allegations of prior convictions were dismissed. He was sentenced to a term of not less than four nor more than seven years imprisonment in the state penitentiary. Approximately six months after commencement of his sentence, appellant moved to vacate the conviction and sentence and to withdraw his guilty plea. His motion stated:

"That plea of guilty was improvidently made in that defendant was not advised that a person convicted of possession of narcotics is not entitled to reduction of time served for good conduct as persons convicted of other crimes."

A hearing on the motion was conducted by the same judge who received appellant's guilty plea. Appellant testified, as did the adult probation officer summoned by the court. Appellant's motion was denied and this appeal followed.

This case is a classic example of "plea bargaining," a practice which has been judicially approved so long as the rights of a defendant are protected. State v. Jennings, 104 Ariz. 3, 448 P.2d 59 (1968), modified on other grounds and affirmed on rehearing, 104 Ariz. 159, 449 P.2d 938 (1969). Here, appellant's post-conviction attack is predicated on the claim that his plea was not "intelligently" made in that he did not have a full understanding of the consequences of his guilty plea.[1] A.R.S. § 36–1002, subsec. A, as amended, provides:

"Except as otherwise provided in this article, every person who possesses any narcotic drug other than marijuana except upon the written prescription of a physician, osteopath, dentist or veterinarian licensed to practice in this state, shall be punished by imprisonment in the state prison for not less than two years nor more than ten years, and *shall not be eligible for release upon completion of sentence, or on parole, or on any other basis until he has served not less than two years in prison.*" (Emphasis supplied)

At the hearing on the motion to vacate, appellant admitted that his attorney had informed him of the minimum and maximum punishment for the offense to which he was pleading guilty (not less than two nor more than ten years). The gravamen of his complaint was that he was not informed of the fact that he would not be eligible for release from the state prison until he had served a minimum of two years calendar time. In other words, he would not have the benefit of the credits afforded by A.R.S. § 31–251, as amended, and A.R.S. § 31–252, against a two-year minimum sentence.

Courts are not in accord as to whether a trial court, before accepting a plea, must advise a defendant as to the unavailability of parole. Some courts take the view that anything which affects the length of detention, such as the unavailability of parole, is a "consequence" as to which a defendant must be advised. E. g., Durant v. United States, 410 F.2d 689 (1st Cir. 1969); Berry v. United States, 412 F.2d 189 (3rd Cir. 1969); Munich v. United States, 337 F.2d 356 (9th Cir. 1964). Other courts, however, take a contrary view. E. g., Anushevitz v. Warden, Nevada State Prison, 467 P.2d 115 (Nev.1970); Smith v. United States, 116 U.S.App.D.C. 404, 324 F.2d 436 (1963), cert. denied, 376 U.S. 957, 84 S.Ct. 978, 11 L.Ed.2d 975 (1963); Trujillo v. United States, 377 F.2d 266 (5th Cir. 1967), cert. denied, 389 U.S. 899, 88 S.Ct. 224, 19 L.Ed.2d 221 (1967).[2] In the State of

---

1. Appellant was represented by counsel at all stages of the proceedings.

2. Although *Trujillo* has not been overruled, later 5th Circuit decisions have

Michigan, prior to the United States Supreme Court decision in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L. Ed.2d 274 (1969), the *Boykin* mandates were required by statute or rule. People v. Taylor, 383 Mich. 338, 175 N.W.2d 715 (1970). It is interesting to note that the Michigan Supreme Court, notwithstanding these stringent requirements, has held that the "consequence" of a guilty plea does not include the punishment to be meted out. People v. Dunn, 380 Mich. 693, 158 N.W.2d 404 (1968).

We are of the opinion that even if there is a duty to inform as to the unavailability of parole, the failure to do so in the instant case was harmless beyond a reasonable doubt. Appellant was sentenced to a term of not less than four nor more than seven years. However, he was not a first offender and therefore would be entitled to credits *only* against the maximum term of his sentence. A.R.S. § 31–251, subsec. B, as amended; A.R.S. § 31–252, subsec. A. Thus we see that the statutory prohibition against release prior to the expiration of two years makes no difference here since appellant, having been previously convicted, would not be entitled to release by virtue of earned credits prior to two years.

Appellant also complains that the trial court improperly inquired into the subject of his guilt, pointing out that guilt or innocence was not an issue, and cites State v. Corvelo, 91 Ariz. 52, 369 P.2d 903 (1962). At the time appellant entered his plea of guilty, he responded affirmatively to the following question from the court:

"Well, are you guilty? Did you, on or about the 7th day of August, 1968, have in your possession, heroin?"

At the time of the hearing on his motion to vacate, we find the following inquiry:

"Q. Did Judge Henderson ask you if you were pleading guilty voluntarily?

A. Yes.

Q. Did he ask you if you were pleading guilty because you were guilty?

A. Yes.

Q. How did you answer that question?

A. I told him I was pleading guilty because I was guilty.

\* \* \* \* \* \*

Q. Did anybody make you any promises to get you to plead guilty?

A. No. I just pleaded guilty because I was afraid that I would get— I have heard from the priors and I had a prior—two priors on me, one for a case I was acquitted just like I said. \* \* \* I would probably get twenty or thirty years."

And:

"Q. Did the judge or anybody tell you that you were going to get probation or a light sentence in order to make you plead guilty?

A. No. I pleaded guilty because of the prior. I figured that I would— I didn't want to do a whole lot of time. That's the reason I pleaded guilty.

Q. Isn't it a fact that you pled guilty because you were guilty?

A. Well, I didn't feel that I was guilty. I figured I was guilty of certain parts of the crime but I felt that—"

It thus appears that at the hearing on his motion to vacate, appellant, in essence, professed innocence contrary to his position at the time he plead guilty. The court was apparently concerned as reflected by the following:

"It might be well, since we are making a record here, to have Mr. Schmidt, the probation officer to—since there seems

expressed criticism of the *Trujillo* holding. *See,* Sanchez v. United States, 417 F.2d 494 (5th Cir. 1969); Spradley v. United States, 421 F.2d 1043 (5th Cir. 1970).

to be some question as to whether he was guilty of this or in fact did commit this crime or whether he just said he was guilty for the purpose of sentencing, I think it might be well to get this on the record."

Appellant's counsel objected to allowing the probation officer to testify, arguing that the question of guilt or innocence was not to be considered in these proceedings. The court, however, responded:

"After all, there seems to be some question. I normally—and I am sure I probably did in this case—ask, in fact, did the defendant commit the act that he is charged with committing and I'm not going to sentence somebody or take a guilty plea when they say they didn't do it. That happens occasionally and we reject the plea of guilty because they in fact say they are not guilty. I want this brief statement in the record here of what the defendant told this court's probation officer."

The probation officer testified that during his pre-sentence investigation discussion with appellant, he admitted his guilt of the offense and gave no indication that he plead guilty for any reason other than the fact that he was guilty. We do not believe that the trial court's inquiry was for purposes of determining guilt or innocence per se, but solely for purposes of determining that the plea was a genuine one by a defendant who was guilty. Application of Buccheri, 6 Ariz.App. 196, 431 P.2d 91 (1967); Smith v. People, 162 Colo. 558, 428 P.2d 69 (1967); Cortez v. United States, 337 F.2d 699 (9th Cir. 1964), cert. denied, 381 U.S. 953, 85 S.Ct. 1811, 14 L.Ed.2d 726 (1965).

The trial court apparently concluded from the inquiry into the circumstances of the plea that it was voluntarily and intelligently made. We are unable to say that he erred and therefore defer to his determination.

Order affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.

Note: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.