PEOPLE v. DAWKINS

1. CRIMINAL LAW—PLEA OF GUILTY—ADVICE OF RIGHTS—WAIVER.

A trial court is not obligated to obtain an explicit and express waiver of each constitutional right before validly accepting a plea of guilty.

2. CRIMINAL LAW—PLEA OF GUILTY—TECHNICAL OBJECTIONS.

Belated technical objections not affecting the basic rights of a defendant and not resulting in a miscarriage of justice are not sufficient to invalidate a valid plea of guilty.

Appeal from Recorder's Court of Detroit, Geraldine Bledsoe Ford, J. Submitted Division 1 December 28, 1970, at Grand Rapids. (Docket No. 8401.) Decided January 27, 1971.

Ernest Dawkins was convicted, on his plea of guilty, of manslaughter. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Irving Tukel,* for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law § 486 *et seq.*

Before: T. M. Burns, P. J., and R. B. Burns and Fitzgerald, JJ.

Per Curiam. Defendant was originally charged with second-degree murder. On August 1, 1969, he pleaded guilty to the reduced charge of manslaughter and was sentenced to a term of 12 to 15 years. Defendant appeals as of right and the plaintiff moves to affirm.

Defendant, relying on *Boykin* v. *Alabama* (1969), 395 US 238 (89 S Ct 1709, 23 L Ed 2d 274), claims that his conviction was invalid because the trial judge failed to specifically advise him as to his right against compulsory self-incrimination and his right to confront his accusers.

It should first be noted that defendant was represented by counsel at the time he pled guilty to the reduced charge of manslaughter. Counsel informed the trial judge that he had advised the plaintiff as to all of his constitutional rights.

Although the Supreme Court in *Boykin* did say that the waiver of several Federal constitutional rights are involved in the acceptance of a plea of guilty, including the privilege against compulsory self-incrimination and the right to confront one's accusers, the Court did not say that a defendant must be specifically advised as to each and every constitutional right involved in his plea of guilty. The gist of the Court's decision in *Boykin* is that it cannot be assumed from a silent record that a defendant had a full understanding of what his plea connotes and its consequences. In *People* v. *Taylor* (1970), 383 Mich 338, 355, 356, the Michigan Supreme Court in interpreting *Boykin,* recognized that a trial judge is not obliged to obtain explicit and expressed waivers of each and every constitutional right before he may accept a plea of guilty.

" 'Several Federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial.'

"The Court further enumerates the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers.

"The Court did not say, as some have suggested, that explicit and expressed waivers must be taken upon each of these constitutional rights before the plea can be accepted.

"The holding is more properly, that these rights are waived by the act of entering the guilty plea, and it is for this reason that a record must be made upon the question of voluntariness."

Defendant does not deny the truthfulness of his plea. *People* v. *McCurtis* (1969), 19 Mich App 353, nor has he alleged any manifest injustice. *People* v. *Nelson* (1969), 18 Mich App 177. Having failed to do so in the trial court he may not raise the issue on appeal. *People* v. *Roberson* (1969), 17 Mich App 81. The issue of voluntariness was not raised in the trial court. *People* v. *Kenny Smith* (1969), 20 Mich App 307.

Belated technical objections not affecting the basic rights of the defendant, nor resulting in a miscarriage of justice, are not sufficient to invalidate a plea of guilty. *People* v. *Winegar* (1968), 380 Mich 719.

Motion to affirm is granted.