PEOPLE *v.* MITCHELL

1. CRIMINAL LAW—PLEA OF GUILTY—VOLUNTARINESS—FALSE STATE-
   MENTS OF POLICE.

   Defendant's claim that his plea of guilty of assault with intent
   to rob being armed was not voluntary because it was induced
   by fear generated by false statements of the police that the
   defendant had shot someone during the robbery for which he
   was originally charged, even if true, does not negate the va-
   lidity of the plea where the defendant does not contend that
   he is innocent of the crime to which he pleaded guilty.

2. CRIMINAL LAW — PLEA OF GUILTY — VOLUNTARINESS — EXPRESS
   WAIVER OF RIGHTS.

   The privilege against self-incrimination, the right to trial by
   jury, and the right to confront one's accusers do not have
   to be specifically enumerated and waived before a plea of
   guilty may be accepted; however, waiver cannot be presumed
   from a silent record.

3. CRIMINAL LAW — PLEA OF GUILTY — VOLUNTARINESS — EXPRESS
   WAIVER OF RIGHT.

   Defendant's plea of guilty was properly accepted even though
   the defendant did not expressly waive his right against self-
   incrimination or his right to confront his accusers where the
   defendant expressly waived his right to a jury trial, and the
   trial court thoroughly examined the defendant as to the facts
   of the crime charged and the defendant's participation in it
   and determined that the defendant's plea was voluntary.

Appeal from Recorder's Court of Detroit, Henry
L. Heading, J.  Submitted Division 1 October 6, 1970,

REFERENCES FOR POINTS IN HEADNOTES

[1]  21 Am Jur 2d, Criminal Law § 484 *et seq.*
[2, 3]  21 Am Jur 2d, Criminal Law §§ 344, 357, 484 *et seq.*

at Detroit. (Docket No. 9623.) Decided January 28, 1971.

Joseph W. Mitchell was convicted, on his plea of guilty, of assault with intent to rob being armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Charles Burke,* for defendant on appeal.

Before: J. H. GILLIS, P. J., and V. J. BRENNAN and O'HARA,* JJ.

PER CURIAM. With the benefit of appointed trial counsel defendant appeared in Recorder's Court to answer to a two-count information charging robbery armed and assault with intent to murder. On June 12, 1969, he tendered a plea of guilty to the included offense of assault with intent to rob being armed, MCLA § 750.89 (Stat Ann 1962 Rev § 28.284). The plea was accepted by Judge Henry Heading of the Recorder's Court and on July 3, 1969, defendant was sentenced to a term of 15 to 30 years in prison. A timely petition for court-appointed appellate counsel was made. A subsequent claim of appeal presents the following issues for review: Defendant contends that he did not understand the nature of the proceedings. Defendant further contends that he was motivated to plead guilty by fear. Defendant also con-

_____
* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

tends that he was induced to plead guilty by a promise by one of his court-appointed trial attorneys that he would not be sentenced to more than 7 to 15 years' imprisonment. Fourth, it is contended that the trial judge imposed sentence under the mistaken belief that the defendant had shot someone during a robbery. Fifth, it is contended that the trial court erred in failing to comply with all of the requirements contained in *Boykin* v. *Alabama* (1969), 395 US 238 (89 S Ct 1709, 23 L Ed 2d 274). The people have filed a motion to affirm the conviction and sentence.

Defendant's first contention is that he did not understand the nature of the proceedings. This contention is contrary to the exhaustive transcript of the plea proceedings which clearly demonstrates defendant's understanding of the proceedings and further shows in great detail the facts of the crime and defendant's participation in it. The second two issues are based on the contention that defendant was induced to plead guilty. First, defendant contends that his plea was induced by a fear generated by false statements by the police that defendant had shot someone during the perpetration of the armed robbery for which he stood charged. Even assuming the truth of this allegation it is clear that it is insufficient to negate the guilty plea proceeding. Defendant does not contend that he is innocent of the crime for which he was convicted. Defendant also makes the general contention that he was induced to plead guilty because of promises by his court-appointed trial counsel that he would not receive any more than 7 to 15 years in prison. The people have filed counter-affidavits of both of defendant's former trial counsel. Each of them unequivocally states that at no time did he suggest the length of sentence that the defendant might receive if he were to plead guilty to the charge. Moreover, defendant expressly

stated on the record that he was not promised leniency.

Defendant also contends that his sentence in part is based on the erroneous belief of the sentencing judge that the defendant had shot someone during the perpetration of the crime. During the sentence proceeding the defendant was given the opportunity to make this fact known to the trial court and did.

The final contention of the defendant is that the trial court did not comply with *Boykin* v. *Alabama, supra.* Specifically, it is contended that the lower court erred in failing to expressly advise the defendant of three constitutional rights discussed in *Boykin* —the privilege against self-incrimination, the right to jury trial, and the right to confront one's accusers. We note that on the record defendant expressly waived his right to trial by jury. Moreover, the record contains a signed written waiver of jury trial. The trial court judge thoroughly examined defendant as to the facts of the crime and his participation in it and properly determined that the plea was voluntary. The question whether a valid guilty plea requires the trial court to expressly advise the defendant of the three constitutional rights discussed in *Boykin, supra,* has been previously decided by this Court.

"An extensive analysis and discussion was set forth in *People* v. *Jaworski* (1970), 25 Mich App 540, and we consider that case to be controlling here. *Boykin* does not require the specific enumeration and waiver of the three federal constitutional rights listed before a guilty plea can be accepted. It does hold that waiver cannot be presumed from a silent record. Like *Jaworski,* the record in this case is not silent as to the voluntariness of the plea." *People* v. *Sepulvado* (1970), 27 Mich App 66.

The motion to affirm is granted.