483 P.2d 558

**The STATE of Arizona, Appellee,**

v.

**Donald Leo McCALLISTER, Appellant.**

**No. 2090.**

Supreme Court of Arizona,
In Division.

April 15, 1971.

Rehearing Denied May 11, 1971.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

CAMERON, Justice.

This is an appeal from a judgment of guilt after a plea of guilty to the crime of molestation of a child, § 13–653 A.R.S. Defendant was sentenced to the Arizona State Prison for a term of not less than five nor more than twenty years.

We are called upon to determine whether the plea of guilty was voluntarily, intelligently, and knowingly made.

The facts necessary for a determination of the matter on appeal are as follows. After a preliminary hearing, a two count information was filed on 5 August 1969 charging defendant as follows: Count I, Molestation of Child, § 13–653 A.R.S.; Count II, Lewd and Lascivious Acts, § 13–652 A.R.S.

After entering pleas of not guilty as to both counts, the defendant on 8 September 1969 indicated he wished to change his plea:

"THE COURT: State of Arizona versus Donald Leo McCallister.

"MR. SKIFF (Atty. for Def.): The Defendant is present, your Honor.

"THE COURT: You will approach the bench.

"MR. SKIFF: Your Honor, at this time the Defendant has informed me that he wishes to withdraw his original plea of not guilty to the first count of the information he is charged with, and enter a plea of guilty thereto.

"THE COURT: Your name is Donald Leo McCallister?

"MR. McCALLISTER: Yes.

"THE COURT: You heard your attorney state that you wish to withdraw your plea of not guilty?

"Mr. McCALLISTER: That's right sir.

"THE COURT: To which count?

"MR. SKIFF: To count one, your Honor.

"THE COURT: To count one of the information, and at this time to enter a plea of guilty?

"MR. McCALLISTER: That's right, sir.

"THE COURT: Have you discussed your plea of guilty with your attorney?

"MR. McCALLISTER: Yes, sir.

"THE COURT: Do you understand the nature of the charge?

"MR. McCALLISTER: I do, sir.

"THE COURT: Do you understand that by your plea of guilty that you waive any right that you may have to a trial by jury?

"MR. McCALLISTER: I do, sir.

"THE COURT: Do you understand that the maximum possible sentence—

"MR. SKIFF: It is possible life, your Honor.

"THE COURT:—is from one year to ten years, isn't it?

"MR. SKIFF: No. I believe it is life, your Honor. It is the only statute that is worded that way. It is one to life, your Honor.

"THE COURT: Well, you understand that the maximum possible sentence is life imprisonment?

"MR. McCALLISTER: I do, sir.

"THE COURT: And that the minimum is one year?

"MR. McCALLISTER: Yes, sir.

"THE COURT: You further understand that there is no possibility of parole until the minimum sentence has been served?

"MR. McCALLISTER, I do, sir."

The court then interrogated the defendant further to determine whether the plea was knowingly, intelligently, and voluntarily made. See Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); State v. Griswold, 105 Ariz. 1, 457 P.2d 331 (1969).

On acceptance of the plea by the court, the Deputy County Attorney moved to dismiss Count II of the original information, charging the defendant with the crime of lewd and lascivious acts which motion was granted. The matter was set for sentencing and after a hearing in mitigation at which time the court further inquired as to the factual basis for the plea, the defendant was sentenced to the Arizona State Prison for a term of not less than five years nor more than twenty years.

Defendant was informed of his right to appeal and when he indicated he wished to take advantage of this right, counsel was appointed to represent him on appeal.

### WAS THE PLEA PROPERLY ACCEPTED?

The defendant contends that the record does not show that he was advised of the consequences of his plea as required by Boykin v. Alabama, supra.

This court, in State v. Reynolds, 106 Ariz. 47, 470 P.2d 454 (1970), considered the requirement of Boykin that for a plea to be valid the record must show that it was voluntarily and intelligently made with an understanding of the nature of the charges and the consequences of the plea. We did not require the court to go further:

"The court was not required to go further, as defendant implies, and make an explicit finding of fact. The record speaks for itself. The trial court satisfied itself, by personally interrogating the defendant, that the defendant's constitutional rights were adequately safeguarded. There is no set format for the trial court to follow." State v. Reynolds, supra, 470 P.2d at 457.

See also State v. Laurino, 106 Ariz. 586, 480 P.2d 342, filed February 8, 1971.

The defendant contends that the trial court erred in failing to tell him that

he would not be entitled to good behavior deduction and double time deduction until he had served at least one year. He contends that because of this, his plea was not made with an understanding of the consequences thereof. § 13–653 A.R.S. reads as follows:

"A person who molests a child under the age of fifteen years by fondling, playing with, or touching the private parts of such child or who causes a child under the age of fifteen years to fondle, play with, or touch the private parts of such person shall be guilty of a felony punishable by imprisonment in the state prison for not less than one year nor more than life without the possibility of parole until the minimum sentence has been served. *In no event shall a person who is convicted under the terms of this section be entitled to the good behavior deduction and the double time deduction prescribed by the provisions of subsection B of § 31–251 and subsection A of § 31–252 until he has served at least one year.* Added Laws 1965, Ch. 20, § 3." (Emphasis ours)

If we assume that when the court stated that there was "no possibility of parole until the minimum sentence was served" he was referring to the "minimum sentence" of one year as provided in the statute, then we do not see how defendant was misled because that is exactly what the statute states. If we assume on the other hand, that when the trial judge advised the defendant that there was no possibility of parole until the minimum sentence had been served, he was referring to the minimum stated in the sentence of the court, in this case five years, then we can find no prejudice to the defendant. Defendant may have been misled as to the absolute time he must serve before possibility of parole, but he was not prejudiced in that he could, with good time deduction, obtain his release before the five year court minimum. Also, a presumption exists that when a defendant who is represented by counsel changes his plea at trial from not guilty to guilty as a result of plea bargaining, he does so with full knowledge of the facts and consequences thereof. State v. Martinez, 102 Ariz. 215, 427 P.2d 533 (1967).

Judgment affirmed.

HAYS, V. C. J., and UDALL, J., concur.