486 P.2d 823

**STATE of Arizona, Appellee,**

v.

**Douglas Walter WROBLE, Appellant.**

**No. 1 CA–CR 280.**

Court of Appeals of Arizona, Division 1, Department B.

July 6, 1971.

Rehearing Denied Sept. 30, 1971.

Review Denied Oct. 27, 1971.

---

Gary K. Nelson, Atty. Gen., by Carl Waag, William P. Dixon, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender, by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

EUBANK, Judge.

The only question raised on this appeal is whether the record provides a sufficient factual basis to support the appellant's plea of guilty to a charge of burglary in the second degree, a felony. The appellant contends that the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) were not met in taking appellant's plea of guilty, and that therefore the plea was invalid and that the judg-ment of conviction and sentence must be set aside.

In this case the appellant was charged with second degree burglary (A.R.S. §§ 13-301 and 302, as amended), of a dwelling house at 8749 East Thornwood Drive, located within the city of Scottsdale. At his arraignment he pled not guilty. Preliminary hearing was held on October 24, 1969, at which time the state produced eye-witness testimony placing the appellant at the site of the burglary, and in possession of the stolen personal property on the day of the crime. The magistrate held him to answer by trial. The matter came on for trial on January 8, 1970. When the case was called for trial, the trial judge noted that an agreement had been reached between the counsel for the state and defense counsel resulting in the appellant's announced desire to enter a plea of guilty to the charge of second degree burglary. The record does not specifically indicate that this plea was the result of plea bargaining, as approved in State v. Leuck, 107 Ariz. 49, 481 P.2d 842 (1971). The record does show that the court patiently questioned the appellant regarding his understanding of his constitutional rights and the voluntariness of his choice to waive trial and plead guilty to the charge. The record reveals understanding on the part of the appellant, although he apparently thought that the court was empowered to give him a longer sentence in prison than it actually could under A.R.S. § 13-302, as amended. When asked what he understood could be his sentence, he answered, "That it would be one to five, or one to ten." The statute limits the sentence to a prison term of from one to five years. We do not consider appellant's answer as. invalidating his guilty plea because the sentence imposed was within proper statutory limits, and he recognized by his reply to the Court the proper range of possible imprisonment for the conviction of burglary in the second degree. Further, we fail to see how he was prejudiced where he thought he might receive a longer sentence

of imprisonment than was possible under A.R.S. § 13–302, as amended.

In the recent case of North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed. 2d 162 (1970), the United States Supreme Court restated its requirements preliminary to a state court receiving a plea of guilty in these terms:

> We held in Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), that a plea of guilty which would not have been entered except for the defendant's desire to avoid a possible death penalty and to limit the maximum penalty to life imprisonment or a term of years was not for that reason compelled within the meaning of the Fifth Amendment. Jackson established no new test for determining the validity of guilty pleas. The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. See Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274, [279] (1969); Machibroda v. United States, 368 U.S. 487, 493, 82 S.Ct. 510, 513, 7 L.Ed.2d 473, [477] (1962); Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009, [1012] (1927). (400 U.S. p. 31, 91 S.Ct. p. 164, 27 L.Ed.2d p. 167).

See also Anno., 25 L.Ed.2d 1025 (Validity of Guilty Pleas—Supreme Court Cases).

It is our opinion that a review of the record demonstrates the "factual basis", that the appellant's guilty plea represents a voluntary and intelligent choice between the alternative courses of action open to him, and that his plea of guilty did not violate the standards established by Boykin, supra. See State v. Sullivan, 107 Ariz. 98, 482 P.2d 861 (1971).

At the oral argument counsel for the appellant raised the issue that the sentence was excessive. In pronouncing sentence the trial judge, explaining that he had credited the appellant with the time already served in jail, said:

THE COURT: Yes, otherwise it would be four to five. I have given him six months from the maximum and minimum at the most. It is my understanding you told me last time he was over there for approximately three months on this arrest.

Your record is not good and you have been on Probation three times at least. Each time there were more burglaries and maybe you can learn a lesson this time. You apparently don't work. You didn't finish school. You can learn a trade down there, get a little education. The other Judges who put you on probation haven't solved your problem. That is why you are not getting probation today.

The sentence was within the limits imposed by the Court under A.R.S. § 13–302, as amended. Under the circumstances we cannot say that the sentence is excessive.

Judgment is affirmed.

JACOBSON, P. J., and HAIRE, J., concur.