PEOPLE *v.* CLEVELAND

Opinion of the Court

1. Criminal Law—Plea of Guilty—Waiver of Rights.
    On-the-record waivers of the privilege against self-incrimination, the right to trial by jury and the right of confrontation are not necessary for a valid guilty plea.

Concurrence by Bronson, J.

2. Criminal Law—Plea of Guilty—Advice of Rights.
    *Guilty plea was properly accepted where the defendant was advised, on the record, of his constitutional rights by both the trial judge and defense counsel.*

Appeal from Recorder's Court of Detroit, Joseph A. Gillis, J.   Submitted Division 1 June 8, 1971, at Lansing.   (Docket No. 11123.)   Decided July 27, 1971.

Grover Cleveland, Jr., was convicted, on his plea of guilty, of breaking and entering an occupied dwelling with intent to commit larceny.   Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,*

Reference for Points in Headnotes
[1, 2] 21 Am Jur 2d, Criminal Law § 484 *et seq.*

Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Charles Burke,* for defendant on appeal.

Before: McGREGOR, P. J., and BRONSON and DANHOF, JJ.

McGREGOR, P. J. The defendant pled guilty to breaking and entering an occupied dwelling with intent to commit larceny therein. MCLA § 750.110 (Stat Ann 1971 Cum Supp § 28.305). He was sentenced to a term of 4 to 15 years in prison with a recommendation for the Michigan Training Unit. His delayed motion to withdraw his guilty plea was denied by the trial court on April 2, 1971.

On appeal the defendant alleges that the trial court abused its discretion in denying the defendant's delayed motion to withdraw his plea of guilty. The issue is without merit. This Court has repeatedly held that *Boykin* v. *Alabama* (1969), 395 US 238 (89 S Ct 1709, 23 L Ed 2d 274) does not require on-the-record statements waiving the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one's accusers. *People* v. *Jaworski* (1970), 25 Mich App 540, *appeal pending; People* v. *Sepulvado* (1970), 27 Mich App 66; *People* v. *Miles* (1970), 28 Mich App 562; *People* v. *Dawkins* (1971), 30 Mich App 186; and *People* v. *Mitchell* (1971), 30 Mich App 233. Additionally, the defendant was advised on the record of his constitutional rights by both the defense counsel and the trial court. The granting of a delayed motion to withdraw a guilty plea when made after conviction and sentence, as in this case, must be based upon a showing of a miscarriage of

justice.  People v. Winegar (1968), 380 Mich 719.
The defendant has not carried his burden of alleging
facts which if true substantiate a finding that there
was a miscarriage of justice.  The question sought
to be reviewed is so unsubstantial as to require no
argument or formal submission.

Motion to affirm is granted.

Danhof, J., concurred.

Bronson, J. (*concurring*).  I concur in affirming
the defendant's conviction because the trial judge, in
accepting defendant's plea, complied with what I
consider to be the requirements of *Boykin* v. *Alabama* (1969), 395 US 238 (89 S Ct 1709, 23 L Ed
2d 274).  See *People* v. *Martin* (1970), 29 Mich App
295, 298 (Bronson, J., *dissenting*).