487 P.2d 20

STATE of Arizona, Appellee,

v.

Mary Virginia ROSS, Appellant.

No. 1 CA–CR 278.

Court of Appeals of Arizona,
Division 1,
Department B.

July 21, 1971.

Rehearing Denied Sept. 30, 1971.

Review Granted Nov. 4, 1971.

· Gary K. Nelson, Atty. Gen., by Carl Waag, Albert M. Coury, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender, by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

EUBANK, Judge.

This appeal is another in the long line of criminal appeals based on Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) and McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L. Ed.2d 418 (1969). The appellant contends that the trial judge failed to ascertain a valid "factual basis" for the plea of guilty and that he should have advised her of the consequences of her guilty plea relative to illegal possession of heroin (A.R.S. § 36–1002), which requires that two years be actually served in prison if she was sentenced to prison as opposed to being placed on probation.

The facts are that in the evening of March 11, 1969, the Mesa Police Department received information from two informants that the appellant, and others, were "cutting" heroin at appellant's house located within the city of Mesa. Based

upon this information, officers of the department obtained a search warrant and proceeded to appellant's house. Upon gaining entrance, they served the warrant, arrested the appellant and others and seized a rather substantial quantity of marijuana, heroin and paraphernalia associated with the consumption of narcotics. Following the filing of the complaint on March 12, 1969, appellant entered her pleas of "not guilty" to Count I, Illegal Possession of Marijuana, and to Count II, Illegal Possession of Narcotic (heroin A.R.S. § 36–1002). The following day she was released on bond. The matter was thereafter set for trial on September 4, 1969, but appellant did not appear and a bench warrant issued for her arrest on the following day. She. was subsequently arrested in Los Angeles, California and returned to Arizona. On November 18, 1969, as the result of a "plea bargain" between appellant, her attorney, and the Maricopa County Prosecutor, she was permitted by the court to withdraw her plea of "not guilty" and enter her plea of "guilty" to Count II of the Information, Illegal Possession of Narcotics. Count I charging possession of marijuana was dismissed at the time of sentencing. At the hearing the following colloquy took place:

"THE COURT: * * * It is the Court's understanding you wish to change your plea on Count II of the Information from not guilty to guilty, is that correct?

"BY THE DEFENDANT: Yes, sir.

"THE COURT: Have you discussed this change of plea with your attorney?

"BY THE DEFENDANT: Yes, sir.

* * * * * *

"BY THE COURT: Do you know that the maximum sentence in this case is not less than one year nor more than ten years in the State penitentiary, or you may be granted probation, do you understand that?

"BY THE DEFENDANT: Yes.

"BY THE COURT: Do you further understand I have no idea what your sentence will be or if you will be granted probation until after my probation officer has caused an investigation to be made?

"BY THE DEFENDANT: Yes.

"BY THE COURT: Have any threats been made to you in order to make you change your plea to guilty?

"BY THE DEFENDANT: No, sir.

"BY THE COURT: How old are you?

"BY THE DEFENDANT: 35.

"BY THE COURT: How far did you do in school?

"BY THE DEFENDANT: One year of college.

* * * * * *

"MR. SCHOEPF: Your Honor, I would like to call the Court's attention to the fact that it two to ten years.

"THE COURT: I thought so. A minimum of two or a maximum of ten years in the penitentiary or probation, do you understand that?

"BY THE DEFENDANT: Yes, sir.

"BY THE COURT: Very well. The Court finds the defendant's plea of guilty is being made knowingly, voluntarily, and intelligently with an understanding of the consequences * * *."

The judgment of conviction was entered by the trial court on January 7, 1970, and the defendant was sentenced to seven to ten years in the state prison.

The precise language of A.R.S. § 36–1002, subsec. A states:

"Except as otherwise provided in this article, every person who possesses any narcotic drug other than marijuana except upon the written prescription of a physician, osteopath, dentist or veterinarian licensed to practice in this state, shall be punished by imprisonment in the state prison for not less than two years nor more than ten years, *and shall not be eligible for release upon completion of sentence, or on parole, or on any other*

*basis until he has served not less than two years in prison."* (Emphasis added.)

The appellant's first contention is that the effect of this statute is to negate the application of A.R.S. §§ 31–251, 31–252, which in effect provides for time off of the sentence on the basis of good behavior by the prisoner, and thus the trial court should have informed the defendant of this possible consequence of her guilty plea. Boykin v. Alabama, supra.

It was recently pointed out in State v. Smith, 13 Ariz.App. 507, at p. 508, 478 P. 2d 122, at p. 123 (1970), that:

"Courts are not in accord as to whether a trial court, before accepting a plea, must advise a defendant as to the unavailability of parole. Some courts take the view that anything which affects the length of detention, such as the unavailability of parole, is a 'consequence' as to which a defendant must be advised. (citations omitted) Other courts, however, take a contrary view. (citations omitted)."

In Smith we did not decide the issue, but merely held that *even if* there was a duty to so inform, the failure to do so was harmless error as to that particular defendant because the statute granting time off for good behavior would be deducted from the maximum term rather than the minimum term, because of prior convictions, and consequently would not affect the particular defendant's custodial situation. Similarly, our Supreme Court in the recent case of State v. McCallister, 107 Ariz. 143, 483 P.2d 558 (1971), considered an appeal by a defendant convicted under § 13–653 A.R.S. which *expressly* denies good behavior deductions during the *first year* of the sentence. The court affirmed the conviction saying:

"Defendant may have been misled as to the absolute time he must serve before possibility of parole, but he was not prejudiced in that he could, with good time deduction, obtain his release before the five year court minimum [sentence]." (At p. 560 of 483 P.2d).

Our Supreme Court further pointed out that where the defendant is represented by counsel and changes his plea as a result of a plea bargain, as occurred in the case at bar, that it is presumed to be done with full knowledge of the facts and consequences involved. State v. McCallister, supra, at p. 560 of 483 P.2d; State v. Wheatley, 106 Ariz. 524, 479 P.2d 409 (1971). In State v. Johnson, 107 Ariz. 169, 484 P.2d 1 (1971), the Supreme Court considered the same question, in a pre-Boykin setting, and held that the trial court was not required to give a detailed statement of all the possible consequences of a guilty plea, "especially when defendant is represented by counsel." (at p. 3 of 484 P.2d). See also State v. Celaya, 107 Ariz. 175, 484 P.2d 7 (1971).

The real thrust of the Boykin decision is that the trial court must make a record of the inquiry which reveals the voluntary and intelligent nature of the change of plea. State v. Wroble, 15 Ariz.App. 143, 486 P.2d 823 (1971); State v. Miller, 11 Ariz.App. 457, 465 P.2d 594 (1970). The record in the instant case clearly demonstrates that the Boykin mandate has been met in this case. The defendant had discussed the matter with her attorney. She has had one year of college. It is apparent from our review of the record that she entered into the "bargain" with her eyes open in a voluntary and intelligent manner. We therefore hold that no error was committed in regard to the first contention. See also People v. Miles, 28 Mich.App. 562, 184 N.W.2d 507 (1970); Stocks v. Warden, Nevada State Prison, Nev., 476 P.2d 469 (1970); Perry v. State, 11 Md. App. 302, 273 A.2d 635 (1971).

In any event it is quite apparent that the defendant has been in no way prejudiced. The trial court imposed a minimum sentence of seven (7) years upon appellant and even with the good time deduction the defendant could not possibly be released prior to her serving more than the two year minimum required sentence in prison. State v. McCallister, 107 Ariz. 143, 483 P. 2d 558 (1971). Further, the defendant makes no claim here that she was misled

in any way whatsoever. State v. Celaya, 107 Ariz. 175, 484 P.2d 7 (1971).

The appellant next contends that the trial court failed to ascertain a "factual basis" for the plea prior to accepting the guilty plea. It was recently pointed out in State v. Sutherland, 14 Ariz.App. 344, 483 P.2d 576 (1971), that the court must be satisfied that there is a factual basis for the plea prior to the entry of judgment, and not prior to acceptance of the plea. Further, the United States Supreme Court in North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), said that ordinarily a conviction based on a plea of guilty is justified when the defendant admits the crime charged. The record here indicated that the defendant admitted the possession of heroin prior to the entry of judgment. We therefore find no error, and the judgment of conviction is affirmed.

JACOBSON, P. J., and HAIRE, J., concur.