494 P.2d 1337

**STATE of Arizona, Appellee,**

v.

**Arthur Adrian DOMINGUEZ, Appellant.**

**No. I CA–CR 374.**

Court of Appeals of Arizona,
Division 1,
Department B.

March 30, 1972.

Rehearing Denied May 2, 1972.

Gary K. Nelson, Atty. Gen. by Mary Z. Chandler, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender for Maricopa County by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

HAIRE, Chief Judge.

Defendant Arthur Adrian Dominguez has appealed from a judgment of conviction entered on his plea of guilty to possession of heroin and the sentence of 4 to 6 years imposed as a result of such conviction. Defendant contends that his plea is invalid under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), because allegedly the trial court did not advise him that as a consequence of a conviction for possession of heroin he would not be eligible for discharge, release on parole or on any other basis until he had served at least two years of any prison sentence he might receive.

A.R.S. § 36–1002, subsec. A provides as follows:

"A. Except as otherwise provided in this article, every person who possesses any narcotic drug other than marijuana except upon the written prescription of a physician, osteopath, dentist or veterinarian licensed to practice in this state, shall be punished by imprisonment in the state prison for not less than two years

nor more than ten years, *and shall not be eligible for release upon completion of sentence, or on parole, or on any other basis until he has served not less than two years in prison.*" (Emphasis added).

The record reveals that at the time the guilty plea was accepted, the court advised the defendant as follows:

"THE COURT: All right. Have you talked to Mr. Ritchie [defendant's attorney] about the consequences of entering a plea to this charge, that is each of you?

"PETE DOMINGUEZ: Yes.

"ARTHUR DOMINGUEZ: Yes.

"THE COURT: You understand that after investigation of this matter by the adult probation officer of this court, Mr. Loza, that each of you could be *sentenced from two to ten years* in the Arizona State Penitentiary, do you understand that? (Emphasis added).

"PETE DOMINGUEZ: Yes.

"THE COURT: Do you understand that, Arthur?

"ARTHUR DOMINGUEZ: Yes.

"THE COURT: Now you understand that in this particular charge that if you were sentenced to the penitentiary that you would have to *serve at least two years of your term,* do you understand that? (Emphasis added).

"PETE DOMINGUEZ: Yes.

"ARTHUR DOMINGUEZ: Yes."

Arizona appellate courts have previously considered the possible consequences of a failure by the trial court to advise a pleading defendant that the statutory minimum sentence must be served without possibility of discharge, release on parole or on any other basis, that is, that the provisions of A.R.S. § 31–251 and § 31–252 would not be applicable to reduce the minimum time that must be served under the applicable statute. *See* State v. McCallister, 107 Ariz. 143, 483 P.2d 558 (1971); State v. Ross,

15 Ariz.App. 174, 487 P.2d 20 (1971), review granted (November 4, 1971); State v. Smith, 13 Ariz.App. 507, 478 P.2d 122 (1970). However, we need not discuss the principles set forth in these decisions because in this case the record reflects that the defendant was adequately advised that he "would have to *serve at least two years* of [his] term". (Emphasis added). Taken in context with the court's immediately preceding advice to defendant that he "could be *sentenced* from two to ten years", (emphasis added) the meaning intended to be conveyed is clear and unambiguous.

The judgment of conviction and sentence are affirmed.

EUBANK, J., and GERALD J. STRICK, Superior Court Judge, concur.

NOTE: Judge EINO M. JACOBSON, having requested that he be relieved from consideration of this matter, Superior Court Judge GERALD J. STRICK was called to sit in his stead and participate in the determination of this decision.