499 P.2d 167

**The STATE of Arizona, Appellee,**

v.

**Manuel Espinoza RODRIGUEZ, Appellant.**

No. 2 CA–CR 296.

Court of Appeals of Arizona,

Division 2.

July 19, 1972.

As Amended on Denial of Rehearing

Aug. 21, 1972.

Review Denied Oct. 10, 1972.

Gary K. Nelson, Atty. Gen., Phoenix, by Howard L. Fell, Asst. Atty. Gen., Tucson, for appellee.

Legal Aid Society by John A. Tull, Tucson, for appellant.

KRUCKER, Chief Judge.

The appellant, Manuel Espinoza Rodriguez, plead guilty to the crime of possession of marijuana for sale and was fined the sum of $1,000 and placed on probation. He subsequently discovered that because of his conviction he was subject to deportation proceedings by the Immigration Department of the United States Government. A motion was filed in the superior court to modify the sentence, and also a petition for leave to withdraw the guilty plea and enter a plea of not guilty as set forth in A.R.

S. § 13–1744.[1] He also filed a Rule 60(c), 16 A.R.S., motion to vacate the conviction on the ground that he was not informed that deportation was a consequence of his plea. The pending deportation proceedings were held in abeyance until disposition of these motions in superior court.

Pursuant to A.R.S. § 13–1744, a hearing was held in superior court and the following order was entered on January 24, 1972:

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the sentence in the above entitled case be reduced to the fine already paid, and to that period of probation already served, and that the defendant be, and hereby is, fully discharged from probation.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendant is hereby permitted to withdraw his plea of guilty and that a new plea of NOT GUILTY is hereby entered, and the information against the defendant herein is hereby dismissed, pursuant to A.R.S. § 13–1744; provided, however, that the fine paid by the defendant is in no way affected by this Order."

The lower court, however, refused to set aside the original guilty plea on the grounds of failure to inform appellant that deportation might be a consequence of the plea. It is this ruling which is the subject of this appeal.

In support of his position, appellant relies on federal cases which have held that failure to advise of ineligibility for parole invalidates a plea of guilty. E. g., Harris v. United States, 426 F.2d 99 (6th Cir. 1970); Jenkins v. United States, 420 F.2d 433 (10th Cir. 1970); Durant v. United States, 410 F.2d 689 (1st Cir. 1969); Munich v. United States, 337 F.2d 356 (9th Cir. 1964); Paige v. United States, 443 F.2d 781 (4th Cir. 1971); Bye v. United States, 435 F.2d 177 (2d Cir. 1970). The appellate courts of this State, however, have not followed this view. See, State v. Ross, 108 Ariz. 245, 495 P.2d 841 (1972); State v. McCallister, 107 Ariz. 143, 483 P.2d 558 (1971); State v. Smith, 13 Ariz.App. 507, 478 P.2d 122 (1970).

No court has required that a defendant be informed, prior to acceptance of his guilty plea, about every conceivable collateral affect of a conviction. See, Meaton v. United States, 328 F.2d 379 (5th Cir. 1964), cert. den. 380 U.S. 916, 85 S.Ct. 902, 13 L.Ed.2d 801 (1965) (conviction might result in loss of passport); Redwine v. Zuckert, 115 U.S.App.D.C. 130, 317 F.2d 336 (1963) (conviction might result in undesirable discharge from Air Force); United States v. Cariola, 323 F.2d 180 (3d Cir. 1963) (conviction might result in deprivation of voting rights). Exposure to deportation has been classified as a collateral consequence as to which no duty to inform arises. See, United States v. Parrino, 212 F.2d 919 (2d Cir. 1954), cert. den. 348 U.S. 840, 75 S.Ct. 46, 99 L.Ed. 663 (1954).

1. This section provides:
"Every defendant who has fulfilled the conditions of his probation for the entire period thereof or who shall have been discharged from probation prior to the termination of the period thereof may at any time thereafter be permitted by the court to withdraw his plea of guilty and enter a plea of not guilty, or if he has been convicted after a plea of not guilty, the court may set aside the verdict of guilty. In either case the court may thereupon dismiss the accusations or information against such defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted. The probationer shall be informed of this right and privilege in his probation papers. The probationer may make such application and change of plea in person or by attorney or by the probation officer authorized in writing, provided that in any subsequent prosecution of such defendant for any oher offense, such prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed."

We hold that the possibility of deportation was not a "consequence" as to which there was a duty to inform appellant before acceptance of his plea of guilty. The lower court therefore did not err in rejecting the motion to vacate the plea on this ground.

Affirmed.

HATHAWAY and HOWARD, JJ., concur.