539 P.2d 951

**The STATE of Arizona, Appellee,**

v.

**Homer Bryce GADDY, Appellant.**

**No. 2 CA–CR 648.**

Court of Appeals of Arizona,
Division 2.

Sept. 11, 1975.

Rehearing Denied Oct. 8, 1975.

Bruce E. Babbitt, Atty. Gen. by John S. O'Dowd, Asst. Atty. Gen., Tucson, for appellee.

Platt & Jenson, P. C. by Dennis D. Jenson, Coolidge, for appellant.

## OPINION

HOWARD, Chief Judge.

On January 20, 1975, appellant pled guilty to the crime of sale of narcotics in violation of A.R.S. Sec. 36–1002.02(A). He was sentenced to serve a term in the Arizona State Prison of not less than five years nor more than seven years. Upon sentencing, he was informed by the court that he would be ineligible for parole or release until the minimum five years had been served. Since incarceration, appellant has been told by prison officials that credits given prisoners pursuant to A.R.S. Sec. 31–251 and Sec. 31–252 cannot and will not be allowed against the seven-year maximum sentence until he has served his minimum five-year sentence.

The issues raised are (1) whether or not the provisions of A.R.S. Sec. 36–1002.02 are unconstitutional as violative of the cruel and unusual punishment provisions of the Constitution of the State of Arizona or the United States Constitution, and (2) would appellant be entitled to double-time deduction before he has served five years' imprisonment for sale of narcotics in violation of A.R.S. Sec. 36–1002.02(A)?

Appellant's constitutional challenge has already been decided adversely to him in *State v. Mendoza,* 104 Ariz. 395, 454 P. 2d 140 (1969) and *State v. O'Donnal,* 110 Ariz. 552, 521 P.2d 984 (1974).

A.R.S. Sec. 36–1002.02(A) clearly states:

" . . . every person who transports, imports into this state, sells, furnishes, administers or gives away, or offers to transport, import into this state, sell, furnish, administer, or give away, or attempts to import into this state or transport any narcotic drug other than marijuana except upon the written prescription of a physician, osteopath, dentist, or veterinarian licensed to practice in this state shall be punished by imprisonment in the state prison from five years to life, *and shall not be eligible for release upon completion of sentence, or on parole, or on any other basis until he*

*has served not less than five years in prison."* (Emphasis added)

In *State v. Dominguez,* 16 Ariz. App. 592, 494 P.2d 1337 (1972), Division One of this court held that the provisions of A.R.S. Secs. 31–251 and 31–252 would not be applicable to reduce the minimum statutorily-prescribed time that must be served without possibility of discharge, release, or parole, or on any other basis. See also, Attorney General Opinion No. 73–13.

We hold that the provisions of A.R.S. Secs. 31–251 and 31–252 are not applicable to reduce the minimum prison time required by A.R.S. Sec. 36–1002.02(A).

Affirmed.

KRUCKER and HATHAWAY, JJ., concur.