Herman MACK, Plaintiff in Error,

v.

STATE of Oklahoma, Defend-
ant in Error.

No. A–15385.

Court of Criminal Appeals of Oklahoma.

March 11, 1970.

Jay D. Dalton, Tulsa, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Dale F. Crowder, Asst. Atty. Gen., for defendant in error.

BRETT, Presiding Judge.

Plaintiff in error, Herman Mack, hereinafter referred to as the defendant, was charged with ten charges in the District Court of Tulsa County. He entered a plea of guilty to each charge. Judgment and sentence was imposed on December 10, 1968, as follows:

(1) Case No. 22715, Robbery with Firearms After Former Conviction of A Felony, sentence of 25 to 75 years imprisonment;

(2) Case No. 22716, First Degree Rape After Former Conviction of A Felony, sentence of life imprisonment;

(3) Case No. 22717, Kidnapping After Former Conviction of A Felony, sentence of ten years imprisonment;

(4) Case No. 22718, Kidnapping After Former Conviction of A Felony, sentence of ten years imprisonment;

(5) Case No. 22719, Robbery with Firearms After Former Conviction of A Felony, sentence of 25 to 75 years;

(6) Case No. 22721, crime of Carrying Firearms After Conviction of A Felony, sentence of ten years imprisonment;

(7) Case No. 22722, Kidnapping After Former Conviction of A Felony, sentence of ten years imprisonment;

(8) Case No. 22723, Robbery with Firearms After Former Conviction of A Felony, sentence of 25 to 75 years;

(9) Case No. 22761, Unauthorized Use of A Motor Vehicle After Former Conviction of A Felony, sentence of five years imprisonment; and

(10) Case No. 22762, Larceny of An Automobile After Former Conviction of A Felony, sentenced to three years imprisonment.

All the foregoing sentences were ordered to run concurrently at the time of imposition by the trial court. Defendant's motion for new trial was overruled and this appeal perfected in accordance with the statutes and rules of appeal.

From the record, it appears that after the filing of the above charges, defendant went to trial on the rape charge, No. 22716, and was found guilty by a jury. On September 18, 1968, the Honorable W. Lee Johnson, District Judge, accepted defendant's plea of guilty to all the other charges with the understanding that defendant's counsel would file the appropriate application with this court to have the rape conviction remanded to the district court in order that a motion for a new trial in said case could be sustained, thereby giving the district court jurisdiction over said case to allow the imposition of concurrent sentences in all the other cases with which defendant was charged. The transcript of the proceedings on April 18, 1968, at which time a plea of guilty was entered in all of the charges—except the rape case—clearly indicates that the petitioner understood this agreement and knowingly, voluntarily and personally entered a plea of guilty to each of said charges. It is also clear from the record that the agreement, as explained to the defendant before he entered his plea of guilty, was fulfilled by the sentencing court in compliance with the arrangement by defense counsel and the prosecution. After accepting defend-

ant's pleas of guilty on September 18, 1966, sentencing was postponed to allow time for the District Court to again gain jurisdiction over the rape case.

However, on November 19, 1968, defense counsel filed a motion to withdraw the plea of guilty; and a full evidentiary hearing was conducted on said motion on November 20 and 21, 1968, before Judge Johnson with defendant being present and being represented by Mr. James N. Khourie and Mr. Richard K. McGee. Defendant contended at the evidentiary hearing that at the time he entered his pleas of guilty to the charges, he was under a "mental aberration" directly resulting from a blow on the head administered by a jailer in the Tulsa County Jail; and that the pleas of guilty were entered as a result of this aberration and without deliberation and understanding as to the meaning of his acts. Several witnesses testified for defendant, and for the State, regarding the incidents in the Tulsa County Jail on September 7, 1968, and defendant's conduct and appearance since that time. At the conclusion of the hearing, the trial court made the following findings:

> "It is true that he [the defendant] was struck and justifiably so I find from the evidence by a jailer on the night of September 7, but I find nothing from this evidence that convinces any reasonable person that he suffered any disability that would have resulted in a complete loss of memory from September 7, to quote him, to around October 1, 1968."

There is no evidence offered to show that the defendant sought medical assistance at the jail or at the penitentiary; or, that his conduct indicated he was suffering from a mental aberration, loss of memory, or concussion. The only evidence in support of defendant's contention is that he was struck on the head; and his unsubstantiated claim of a loss of memory from September 7 to October 1, during which time he entered his pleas of guilty.

The Court finds that there is ample evidence to support the trial court ruling that

the defendant competently, knowingly, and voluntarily entered his pleas. This Court has held that the granting or denying of permission to withdraw a plea of guilty is primarily within the sound discretion of the trial court which will be upheld unless an abuse of discretion appears in the record. Pierce v. State, Okl.Cr., 394 P.2d 241 (1964). In Antuna v. State, Okl.Cr., 388 P.2d 345 (1964), at 347 this Court held:

"In order to sustain the contention that a trial court has abused its discretion in refusing to allow a plea of guilty to be withdrawn and a plea of not guilty to be substituted therefor, it must be apparent from the record that the plea was made unadvisedly through ignorance, inadvertence, influence, or without deliberation, and that there is a defense that should be presented to the jury."

In the instant case, we find no abuse of discretion in the trial court ruling denying permission to withdraw the pleas of guilty, as it appears that the defendant knowingly and voluntarily entered said pleas, on the advice of counsel, after being advised of its effect; and the Court finds nothing in the record to indicate that the defendant was not in full and complete control of his faculties at the time of entering his pleas.

In support of his contention on appeal, defendant has cited the case of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), which held in essence that a plea of guilty must be voluntary, and that this must be affirmatively shown in the record. Having carefully reviewed the record, this Court is of the opinion that the facts in the instant case meet the requirement of Boykin v. Alabama, supra.

After declining to allow defendant to withdraw his guilty pleas, the defendant came before the district court on December 10, 1968, in the rape case, No. 22716, the appeal of which had been dismissed by the Court of Criminal Appeals on December 3, 1968. At that time, the agreement to allow all sentences to run concurrently was again explained to the defendant, and

after defendant personally assured the court that he had no "amnesia," was under no medication, and was fully cognizant of the consequences of his acts, the court granted Motion for New Trial on Case No. 22716. Defendant thereupon entered pleas of guilty in each of said cases, and judgment and sentence was imposed in each of the cases as stated above.

The Court therefore concludes that defendant knowingly, understandingly and voluntarily entered a plea of guilty, with the advice of counsel, in Tulsa County District Court Case Nos. 22715, 22717, 22719, 22721, 22722, 22723, 22761 and 22762, on September 18, 1968; and, that the judgment and sentence imposed in each of said cases on December 10, 1968, is valid and proper. Finding the pleas valid and the judgments and sentences valid, the same are hereby affirmed.

Affirmed.

BUSSEY and NIX, JJ., concur.