PIERCE, Chief Judge.
Appellant William P. Young appeals to this Court from an order denying his post-conviction motion to vacate a judgment and sentence entered against him.
On June 8, 1959, Young was informed against in the Manatee County Circuit Court for second degree murder. On the same day he appeared in Court without an attorney and entered plea of guilty to the charge contained in the information, whereupon he was at the same time adjudged guilty and sentenced to life imprisonment at the State Prison.
Thereafter, on March 18, 1963, the U. S. Supreme Court handed down Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733, whereupon the trial Court on motion vacated and set aside the judgment and sentence against Young and granted him a new trial.
On January 7, 1964, Young again appeared in the trial Court, accompanied by the local Public Defender in his behalf. The parties, through counsel, had apparently “gotten together” and upon his renewed plea of guilty to second degree murder, Young was given probation. His counsel, the Public Defender, asked for probation and the State Attorney agreed to the request. At that time in open Court, Young was informed by the trial Judge “that under the terms of probation he could be sent back to prison for life on [the] original charge if he violated this probation”, to which Young replied “that he would do what he was told to do”. He was thereupon adjudged guilty and placed on probation for a period of four years, effective January 7, 1964.
On March 21, 1967, the trial Court had hearing on proceedings by the State to revoke the probation order for violation of the terms thereof, pursuant to which hearing Young was found guilty of violation of his parole. He was thereupon, at said time, again adjudged guilty of the charge of second degree murder and was sentenced to imprisonment in the State Prison for not less than six months nor more than life.
Some seventeen months later, Young filed in the trial Court his motion under CrPR 1.850, 33 F.S.A., for release from custody on the professed ground that his original plea of guilty was not knowingly and intelligently made so as to be a waiver of his Constitutional privileges under the Fifth and Fourteenth Amendments.
*106 Pending hearing upon the motion to vacate, it developed that the Court reporter’s stenographic notes of the proceedings of January 7, 1964, wherein Young had pleaded guilty and was given probation, had been unintentionally destroyed. The Court thereafter, apparently upon agreement, set the matter down for hearing on July 17, 1970, at which time a comprehensive hearing was held, at which sworn testimony was adduced to establish the Court proceedings of January 7, 1964.
Testifying before Circuit Judge Robert E. Willis were appellant Young, Circuit Judge Robert E. Hensley (who presided at the hearing of January 7, 1964), Walter R. Talley (the local Public Defender, who .represented Young at the January 7th hearing), and one Jacoby, the local Parole and Probation Supervisor. At this hearing no contention was made that Young was not adequately represented at the January 7th Court proceedings, but the sole subject matter of the hearing was the issue of volun-tariness of the guilty plea.
On July 17, 1970, the Court entered order finding that Young’s plea of guilty on January 7, 1964 had been voluntarily and intelligently entered. His post-conviction petition for relief was thereupon denied. It is from this order of denial that the instant appeal has been taken. We affirm.
Young bases his contention here for reversal upon Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, wherein it was held that an appellate Court in reviewing a conviction and sentence predicated upon a plea of guilty, cannot presume upon “a silent record” that the plea was intelligently and voluntarily entered. By a “silent record” we interpret the opinion in Boykin to mean that the record filed in the appellate Court does not contain any affirmative showing as to how or under what circumstances the guilty plea was made or entered.
We have no quarrel with the holding in Boykin. Although there are some significant factors that could probably differentiate the instant case from Boykin it is unnecessary to indulge in them here. Assuming Boykin to be controlling and applicable authority, it cannot support Young’s contention here. Our review of his case does not proceed from a “silent record”. Here, the Court proceedings of January 7, 1964, were in abundant detail before Judge Willis in the hearing upon the Rule 1.850 motion, not by affidavit or minute book recitals, but by sworn testimony from the principals involved, namely, the original trial Judge, the original counsel for defendant, the petitioner-defendant himself, and the local probation supervisor who had discussed with Young, immediately following the Court proceedings, the effect of the plea and the granting of probation.
The order of the Circuit Judge, which is here being appealed, states that he heard the adverse sworn testimony on the issue of voluntariness, and that “testimony having been duly taken, it is the finding of this Court that the Defendant [Young] voluntarily and intelligently entered his plea of guilty herein and is not entitled to any relief”. All the testimony adduced in the lower Court is contained in the certified record filed here. It cannot be said that either the Circuit Court was, or this appellate Court is, proceeding upon a “silent record”. There was an abundant factual record before the trial Court, and that Court made a clear-cut finding upon the factual issue of voluntariness. The record here abudantly supports the factual findings so made and the petition for post-conviction relief was therefore properly denied.
Affirmed.
LILES and McNULTY, JJ„ concur.