Omer G. TINCH, Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 18212.

United States Court of Appeals,
Seventh Circuit.

April 2, 1971.

Rehearing Denied April 27, 1971.

Robert J. Konopa, Crumpacker, May, Levy & Searer, South Bend, Ind., for petitioner-appellant.

William C. Lee, U. S. Atty., John R. Wilks, Asst. U. S. Atty., Fort Wayne, Ind., for respondent-appellee.

Before SWYGERT, Chief Judge, KNOCH, Senior Circuit Judge and STEVENS, Circuit Judge.

KNOCH, Senior Circuit Judge.

Petitioner-appellant, Omer G. Tinch, has taken this appeal from denial (after an evidentiary hearing) of his motion, filed pursuant to Title 28 U.S.C. § 2255, to vacate or set aside his sentence on the ground that his plea of guilty to a violation of Title 18 U.S.C. § 2312 was involuntary.

On that plea, petitioner was sentenced August 8, 1969, to imprisonment for a period of three years.

In his motion, petitioner states that the U. S. Commissioner had advised him that he would not need the services of an attorney because he would receive probation in return for his co-operation in clearing up the case.

Petitioner also asserted that an FBI Agent had promised him he would recieve probation, and further that both his state parole officer and the federal probation officer promised him that a guilty plea to the Title 18 U.S.C. § 2312 charge would not be a violation of his then parole status.

Petitioner concluded, he relates, that the Court was informed of these promises and that he would receive probation. Hence he says he waived his right to counsel (although the District Court repeatedly suggested appointment of counsel) and waived trial.

We have carefully scrutinized the evidence adduced at the hearing on petitioner's motion, viewing that evidence as we must in the light favorable to sustaining the conviction, Glasser v. United States, 1942, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680; United States v. Spino, 7 Cir., 1965, 345 F.2d 372, cert. den. 382 U.S. 825, 86 S.Ct. 58, 15 L.Ed. 2d 70; we will not re-weigh the evidence and resolve anew credibility issues which were determined by the trier of the facts, United States v. Iacullo, 7 Cir., 1956, 226 F.2d 788, 795, cert. den. 350 U.S. 966, 76 S.Ct. 435, 100 L.Ed. 839.

The District Judge found that the clear weight of the evidence indicated no promise of probation was made to petitioner. We find no error in that determination.

However, petitioner contends that the District Court failed to apply the subjective test of whether, whatever the actual fact may have been, petitioner in good faith arrived at a reasonable belief that such a promise had been made on which he relied in his plea.

Petitioner stresses the fact that he acted without counsel. The District Court repeatedly suggested that counsel be appointed for petitioner. Petitioner repeatedly refused counsel. He refers to his lack of education, his limited experience with the law, the frequent discussions he and his wife had with the various officials respecting probation, and petitioner's own flight from the jurisdiction when he realized that he might not be given, probation, as all evidencing his state of mind.

However, the District Judge did find that the guilty plea was not in any way induced by promises of probation or other leniency. We see nothing in the colloquy at the time of sentencing to suggest that petitioner at that time had any such reasonable belief as he now describes. Even then, the Court reminded him that he had entered his plea without counsel and asked again whether he would now like to have counsel. Petitioner refused. He obviously hoped for probation and he asked for probation, but we see no error in the District Court's finding that he was not relying on any promises actually made or which he thought had been made.

The petitioner complains that the government failed to call the federal proba-

tion officer whose testimony at the evidentiary hearing might have cleared up some of the credibility issues. The District Judge, for example, indicated that he found the credibility of petitioner's state parole officer questionable.

Petitioner concedes that the burden was his to prove his case and not the government's to disprove it.

■ In oral argument counsel for petitioner stated that petitioner's own statements and those of his parole officer presented a prima facie case which it was incumbent on the government to rebut. It appears that the federal probation officer was equally available to be called as a witness by petitioner or the government. We see no prejudicial error in failing to call him.

The government contends that petitioner has untimely raised the issue of compliance with Criminal Rule 11 at the arraignment and sentencing, having failed to present it to the District Court.

Petitioner relied on Baker v. United States, 7 Cir., 1969, 407 F.2d 618, 620, in stating that he asserted his entire sentence was erroneous and thus laid the propriety and legality of the entire sentencing proceeding before the District Court.

Coyit Baker and his co-defendants were found guilty in a jury trial. After sentence, the government moved to vacate the sentence on the ground that none of the defendants or their counsel had been afforded an opportunity to be heard in mitigation of punishment. Although the petitioner did not raise this precise question in his pro se motion below to test the legality of his sentence. Chief Judge Swygert writing the opinion for the Court of Appeals relied on the fact that the entire sentence was alleged as error and the petitioner had laid the propriety of the entire sentencing proceeding before the District Court. Judge Swygert also found the "plain error" rule applicable.

While we retain doubts that this issue was actually presented to the District Court in this case, we have reviewed the several colloquys between petitioner and the Court. Petitioner contends that the Court erred in failing to apprise him of the elements of the offense to be proved for conviction and that these would have to be proved beyond a reasonable doubt; he says the court assumed that petitioner understood these elements and ignored possible defenses or mitigating circumstances which might have been available to petitioner. He adds that the Court failed to inquire into his background, ask whether petitioner was relying on any promises or to state that no promises bound the Court, citing McCarthy v. United States, 1969, 394 U.S. 459, 465, 467, 89 S.Ct. 1166, 22 L.Ed.2d 418, which petitioner feels should apply because arraignment and sentencing occurred after the McCarthy decision. He relies on the rationale of that case that Rule 11 is designed not only to facilitate the Court's determination of a guilty plea's voluntariness, but also to facilitate that determination in subsequent post-conviction proceedings based on a claim that the plea was involuntary.

Rule 11 provides:

A defendant may plead not guilty, guilty or, with the consent of the court, nolo contendere. The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of nolo contendere without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea.

Our own reading of the several colloquys between petitioner and the Court discloses that the Judge did comply fully with Rule 11. For example, in the course of his repeated efforts to induce

petitioner to have counsel appointed for him, the Judge cautioned the petitioner that an attorney might not agree that petitioner should enter a plea of guilty, but might think some other plea proper. The possible penalties were clearly stated. The various elements of the offense were informally discussed with the petitioner whose responses to the Judge's questions showed his ready understanding and the voluntariness of his plea.

We see no merit in petitioner's suggestion that § 2255 motions would be better handled by a judge other than the judge who accepted the plea of guilty. The statute calls for such motions to be presented to the Court which imposed the sentence. The Judge's knowledge of the case is valuable in passing on such motions. Mirra v. United States, 2 Cir., 1967, 379 F.2d 782, 788, cert. den. 389 U.S. 1022, 88 S.Ct. 593, 19 L.Ed.2d 667. The judgment of the District Court is affirmed.

Affirmed.