SUMMERS, Justice
(concurring).
In my view the Boykin issue was properly presented and this Court should have overruled State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971), insofar as it seeks to establish the Boykin standards and makes them obligatory on Louisiana Courts.
Though not forthrightly, the majority opinion properly overrules State ex rel. Jackson v. Henderson and interprets the rule announced in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), when the Court states that defendant did not properly present the Boykin issue for there was no contention by defendant that “the guilty plea was entered involuntarily, nor unintelligently, because he did not have a full understanding of what the plea connoted and its consequences.”
In my view the decision in State ex rel. Jackson v. Henderson interprets Boykin v. Alabama much more strictly and technically than the Boykin opinion itself warrants. To properly interpret Boykin v. Alabama it is necessary to read the opinion in connection with McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), and Rule 11 of the Federal Rules of Criminal Procedure.
Although the United States Supreme Court states in its opinion in Boykin that several federal constitutional rights are waived when a plea of guilty is entered in a state court — among them the privilege against compulsory self-incrimination, the right to trial by jury, and the right to confront one’s accusers — nowhere does the Boykin opinion state that an accused who pleads guilty must specifically and serially waive each of these rights in turn.
The same rights against self-incrimination are mentioned in McCarthy v. United States. This latter case involving a federal prosecution simply holds that when the record shows noncompliance with Rule 11 of the Federal Rules of Criminal Procedure in the Federal District Court at the time an accused pleads guilty, the guilty plea must be set aside.
Rule 11 of the Federal Rules of Criminal Procedure simply provides 1) that the *913 court shall not accept a plea of guilty without first addressing the accused personally and determining that the plea is made voluntarily and with an understanding of the nature of the charge and the consequences of the plea; and 2) that the court shall not enter a judgment upon a plea of guilty unless the court is satisfied that there is a factual basis for the plea.
The most that can be said for Boykin v. Alabama is that it made Rule 11 applicable to the States. See dissent of Mr. Justice Harlan. Certainly it cannot be assumed that the United States Supreme Court intended to apply a rule of greater strictness to state practice than is required to be applied in Federal District Courts.
Thus the State’s contention here is that Boykin requires only that the State court record affirmatively show 1) that before accepting the plea of guilty the trial judge addressed the accused personally and determined that the plea was being made voluntarily, with an understanding of the nature of the charge and the consequences of the plea; and 2) that the trial court was satisfied that there was a factual basis for the plea.
The record in the case at bar substantially satisfies Rule 11. Further, it shows that the trial judge before accepting the guilty plea went beyond Rule 11 and reminded the accused that by entering a plea of guilty he waived his right to trial by jury. See Boykin v. Alabama, n. 7., citing Commonwealth ex rel. West v. Rundle, 428 Pa. 102, 237 A.2d 196 (1968).
In McCarthy v. United States, which the State admits appears to be similar to the instant case, the trial judge did not personally inquire whether the accused understood the nature of the charge (attempting to evade tax payments). The Government argued that since the accused stated his desire to plead guilty, and since he was informed of the consequences of his plea, the trial court could properly assume that the accused was entering that plea with a complete understanding of the charge against him. The United States Supreme Court refused to accept this argument, pointing out that the requirement that the judge inquire into the accused’s understanding of the charge is designed to protect an accused from pleading guilty without realizing that his conduct does not actually fall within the scope of the charge against him.
Pertinently, in n. 20 in McCarthy, at 394 U.S. 467, 89 S.Ct. 1166 the United States Supreme Court explains why it will not set out exactly what procedure must be followed at the time of the guilty plea to satisfy Rule 11, in these words:
The nature of the inquiry required by Rule 11 must necessarily vary from case to case, and, therefore, we do not establish any general guidelines other than those expressed in the Rule itself. As, our discussion of the facts in this partic *915 ular case suggests, however, where the charge encompasses lesser included offenses, personally addressing the defendant as to his understanding of the essential elements of the charge to which he pleads guilty would seem a necessary prerequisite to a determination that he understands the meaning of the charge. In all such inquiries “matters of reality, and not mere ritual, should be controlling.” Kennedy v. United States, 397 F.2d 16, 17 (6th Cir. 1968). (Emphasis added.)
A post-McCarthy proceeding was considered in Tinch v. United States, 440 F.2d 312 (7th Cir. 1971), in which the accused was trying to have his plea of guilty set aside. After quoting Rule 11, the Court concluded:
Our own reading of the several colloquys between petitioner and the Court discloses that the Judge did comply fully with Rule 11. For example, in the course of his repeated efforts to induce petitioner to have counsel appointed for him, the Judge cautioned the petitioner that an attorney might not agree that petitioner should enter a plea of guilty, but might think some other plea proper. The possible penalties were clearly stated. The various elements of the offense were informally discussed with the petitioner whose responses to the' Judge’s questions showed his ready understanding and the voluntariness of his plea.'-
None of these authorities, McCarthy, Tinch or Rule 11, requires that an accused explicitly waive his right to a jury trial, his privilege against self-incrimination, or his right to confront his accusers.
Moreover, the court in Boykin found the record insufficient to demonstrate that petitioner’s guilty plea was intelligent and voluntary; it in no way limited a review to the record of the minutes of the trial court at the time of the plea as the Court seems to hold in State ex rel. Jackson v. Henderson. The requirement of the voluntary and intelligent nature of the guilty plea may be shown in a subsequent proceeding establishing the voluntary character of the plea. It was the facts, not ritual, with which the Boykin Court was concerned.
The Boykin Court, therefore, examines the due process requirements and they have indicated an acceptable procedure for attaining the Due Process standards. The Court did not establish a hard and fast procedure, but instead the states are free to devise other procedure which will bring about the results Due Process requires. At the very least, it can be said that the Boy-kin Court did not establish guilty plea procedure more technical and more demanding than Rule 11.
Very recently, it is important to note, the United States Supreme Court considered a guilty plea in Santobello v. New *917 York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed. 2d 427 (1971), and affirmed the proposition that a guilty plea in federal courts need only conform with Rule 11 of the Federal Rules of Criminal Procedure, saying:
It is now clear, for example, that the accused pleading guilty must be counseled absent a waiver. Moore v. Michigan, 355 U.S. 155, 78 S.Ct. 191, 2 L.Ed.2d 167 (1957). Rule 11, Fed.Rule Crim.Proc., governing pleas in federal courts, now makes clear that the sentencing judge must develop, on the record, the factual basis for the plea, as, for example, by having the accused describe the conduct that gave rise to the charge. The plea must, of course, be voluntary and knowing and if it was induced by promises, the essence of those promises must in some way be made known
This phase of the process of criminal justice and the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. Those circumstances will vary, . . . (Emphasis added.)
This language of the Court demonstrates unmistakably that the super strict and harsh application of guilty plea requirements in State ex rel. Jackson v. Henderson is an unwarranted stretching of the Boykin language and a plain departure from long-established state standards to which Rule 11 obviously has no relevancy. Moreover, adopting language from Boykin and applying it to State cases in order to impose rigid procedural requirements is a matter about which considerable doubt exists. Mr. Justice Douglas, the author of Boykin, said in a concurring opinion in Santobello v. New York, supra, that in State cases the United States Supreme Court may not fix procedural standards “[for they are cases] over which we have no ‘supervisory’ jurisdiction.” At the same time Mr. Justice Douglas stated that Rule 11 obviously has no relevance to State cases.
These expressions from the United States Supreme Court in Santobello v. New York are further fortified by the language of Chief Justice Burger who wrote the opinion for the majority. In remanding the case to consider the relief to which defendant was entitled because the State denied that a plea bargain was made at the time of sentencing, which was subsequently determined to, in fact, have been made, the Chief Justice stated, “The ultimate relief to which petitioner is entitled •we leave to the discretion of the state court which is in a better position to decide whether circumstances of this case require only that there be a specific performance of the agreement on the plea . . . or whether, in the view of the *919 state court, the ciraimstances require granting the relief sought by petitioner, i. e., the opportunity to withdraw his plea of guilty.” (Emphasis added.)
My view is that the fact of the voluntariness, intelligence, and understanding of consequence of a plea, and hence its validity in State courts, must be decided by those tribunals unattended by any purported guidelines which have been construed to be binding on state courts by Boykin. Santobello v. New York so requires.
To illustrate that all courts have not adopted the Boykin interpretation which this Court adopts in State ex rel. Jackson v. Henderson, I have researched the decisions and submit the following justify and warrant a reversal of State ex rel. Jackson v. Henderson.
Thus in Hall v. State, 45 Ala.App. 252, 228 So.2d 863 (1969), the Alabama Court declared that Boykin v. Alabama imposed this standard on State courts: “ . there must be record evidence, preferably spread on the court’s minutes to show that the judge ascertained from the defendant the requisite elements of voluntariness and comprehension.” The court did not say that the item by item recitation required by State ex rel. Jackson v. Henderson was the meaning of Boykin. That case quoted from the Supreme Court of Mississippi in Alexander v. State, 226 So.2d 905 (Miss. 1969), to this effect:
. The trial court should not accept a guilty plea or a change from a not guilty to a guilty plea without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. A transcript or record of that proceeding is essential. However, this does not preclude other types of clear and convincing evidence which shows that accused voluntarily and understandingly elected to plead guilty. Anything else is sufficient to establish waiver. In short, a record should be made of what transpires at the pleading stage, which is sufficient to support the acceptance by the trial court of the guilty plea and to reflect that it was made voluntarily and understandingly by the defendant.
In State v. Laurino, 106 Ariz. 586, 480 P.2d 342 (1971), the Arizona Court holds that Rule 11 is imposed on the States by Boykin, but in deciding the case it declared, “ . . . Neither Rule 11 nor the Boykin case requires in express terms that each of the rights mentioned herein, confrontation and jury trial, must be specifically and expressly waived by the accused prior to acceptance of his guilty plea.” Again that court held in State v. Ross, 15 Ariz.App. 174, 487 P.2d 20 (1971), “The real thrust of the Boykin decision is that the trial court must make a record of the *921 inquiry which reveals the voluntary and intelligent nature of the change of plea.”
Colorado found that Boykin made Rule 11 applicable to the States, and, in referring to Boykin said, “ . . . where a state conviction based on a plea of guilty to a charge of aggravated robbery was reversed because the record failed to affirmatively show that the guilty plea was made voluntarily and knowingly.” Westendorf v. People, 464 P.2d 866 (Colo. 1970). The Connecticut Court noted that in Boykin “ . . . Although it does not state what the record must ‘disclose’ in order for it to be considered sufficient in that regard,” it did say, “that it could not presume ‘from a silent record’ a waiver of the federal constitutional rights involved, . . ..” Consiglio v. Warden, 160 Conn. 151, 276 A.2d 773 (1970).
Florida has also refused to apply the strict requirements of State ex rel Jackson v. Henderson, for in three cases it has considered involving Boykin it has simply said “the guilty plea received cannot stand without a record supporting its voluntariness.” Bilger v. State, 247 So.2d 721 (Fla.App.1971). In Young v. State, 245 So.2d 104 (Fla.App. 1971) Florida interpreted the meaning of “silent record” as used in Boykin, saying, “ . . . we interpret the opinion in Boykin to mean that the record filed in the appellate Court does not contain any affirmative showing as to how or under what circumstances the guilty plea was made or entered.” Recently Kelly v. State, 254 So.2d 22 (Fla.App. 1971), held Boykin inapplicable to “plea bargains” where defendant is represented by counsel.
The Georgia Court read Boykin to mean Rule 11 was applicable to the states, nothing more. Purvis v. Connell, 227 Ga. 764, 182 S.E.2d 892 (1971). In so doing it viewed the Boykin Case to mean: “It is clear from the majority Boykin opinion and also from its dissenting opinion that a state trial judge, in accepting a plea of guilty, now has the same duty in this respect that a federal trial judge has under Rule 11 of the Federal Rules of Criminal Procedure.” It also considered the Boykin requirement to be an affirmative showing of voluntariness in Hamm v. State, 123 Ga.App. 10, 179 S.E.2d 272 (1970), nothing more.`
In Illinois the Supreme Court found that in Boykin, “The Supreme Court held that it was error to accept the defendant’s guilty plea without affirmative showing that it was intelligently and voluntarily made. The judge must canvass the matter with the accused to make certain that he has a full understanding of what the plea connotes and of its consequence.” People v. Bauta, 124 Ill.App.2d 132, 260 N.E.2d 306 (1970). Again in People v. Garner, 267 N.E.2d 38, 39 (Ill.App.1971) the Court said Boykin held that, “reversible error, plain on the face of the record, occurred *923 because the ■ record in the trial court did hot disclose that the defendant knowingly and understandingly entered his pleas of guilty.”
The only case my research revealed in Iowa was State v. Moon, 183 N.W.2d 644 (Iowa 1971). There the Court cited Boy-kin stating that it simply stood for the proposition that in the face of a silent record the Court cannot speculate upon what may have been said at the plea. The Kansas Court distinguished Jones v. State, 207 Kan. 622, 485 P.2d 1349 (1971), from Boykin, for it did not appear from the record that the judge asked any questions of the defendant or that the defendant addressed the Court when the pleas were entered.
Bennett v. Commonwealth, 463 S.W.2d 331 (Ky.App.1971), did not interpret the language of Boykin to mean that a verbatim transcript is required and held that the record shows that the pleas were intelligently and understandingly made.
Maine said this about Boykin, (Grass v. State, 263 A.2d 63 [Me.1970]:
. . . There is no suggestion that Boykin would be applied to the states in any case in which the state court record in its entirety demonstrated that the plea has been tendered voluntarily and understandingly. There is ho intimation that the Boykin Court intended to depart from Halliday and if that be so, independent showing' of voluntariness in post-conviction proceedings will suffice to satisfy the constitutional requirements imposed upon the states by Boykin.
. . . The presence of a post-conviction record which fully supports the finding below that the plea was voluntarily and understandingly made satisfies the constitutional requirements of Boy-kin even if retroactively applied.
Michigan is emphatic in its interpretation of Boykin. In People v. Jaworski, 25 Mich.App. 540, 181 N.W.2d 811 (1970), the Court declared:
Boykin is devoid of any specific language stating that in order to have a valid waiver of the three constitutional rights involved when a plea of guilty is entered the three rights must be specifically enumerated and specifically waived. If the United States Supreme Court had intended such a holding it would have been easy for the court to have so stated. Rather, the court emphasized the silent record and thus the lack of any affirmative showing that the defendant voluntarily and understandingly entered his guilty plea.
The Court felt the Brady decision had made clear that Boykin did not hold that there must be on the record the waivers of each of the enumerated federal constitutional rights before a guilty plea can be accepted.
*925 Bellew v. Swenson, 459 S.W.2d 351 (Mo. 1970), sets forth that the Missouri rule, requiring that the trial court make a determination that the plea is voluntary and the defendant understood the consequences of the plea when it was accepted, satisfied the requirements of Boykin. Nebraska found the defendant’s contention that the trial judge must direct a defendant’s attention to each and every constitutional right and then obtain a verbal waiver of each to be “a strained and a too extreme construction of those cases. (Boy-kin & McCarthy) . . . The criteria is whether or not the defendant understands the relevant factors involved in a guilty plea. Before accepting a guilty plea a judge is expected to sufficiently examine the defendant to determine whether he understands the nature of the charge, the possible penalty, and the effect of his plea.” State v. Turner, 186 Neb. 424, 183 N.W.2d 763 (1971).
New Jersey read Boykin in State v. Raymond, 113 N.J.Super. 222, 273 A.2d 399 (1971), in the same light. There defendant pleaded guilty, and the Court held that by the plea defendant waived any constitutional rights he claimed as to the constitutionality of the statute under which he was being prosecuted. The Court simply notes several constitutional rights are waived when the plea is entered, citing Boykin and noting, “Of course, the plea must be voluntary and made with a full understanding of its consequences.”
The Supreme Court of the State of New York, Appellate Division, First Department, unanimously affirmed Santobello’s conviction in the Santobello Case previously mentioned. People v. Santobello, 35 A. D.2d 1084, 316 N.Y.S.2d 194 (N.Y.1970).
In State v. Elledge, 81 N.M. 18, 462 P.2d 152 (App.1969), New Mexico considered Boykin in a fact situation where prior to accepting the guilty plea the trial judge asked only if it were true he desired to plead guilty. Defendant contended because the trial court failed to determine his understanding of the plea and its consequences his conviction should be reversed. The court said:
. . . Boykin holds that a guilty plea will be set aside, on direct review, unless the record discloses the plea was voluntary. It does not hold that where there has been no direct review, as in this case, voluntariness may not be determined as a question of fact in a postconviction proceeding.
Thus, defendant’s reliance on Boykin is a reliance on the indication that the trial judge must affirmatively inquire into the voluntariness of the guilty plea. That opinion, however, does not hold that there must be a reversal if the trial judge does not make such an inquiry. We do *927 not understand Boykin to change the rule stated by the New Mexico Supreme Court in Neller v. State, 79 N.M. 528, 445 P.2d 949 (1968). . . .
Under this rule, the fact that the trial court failed to question defendant as to his understanding of the guilty plea, and its consequences, does not in itself provide a basis for post-conviction relief. Defendant may have been “otherwise advised.”
In keeping with these adjudications the North Carolina Court noted, “Where it does not affirmatively appear in the record that the plea was understandingly and voluntarily entered, the defendant is entitled to replead.” (Emphasis added.) State v. Harris, 10 N.C.App. 553, 180 S.E.2d 29 (1971).
The only North Dakota Case touching upon Boykin is Steele v. Decker, 181 N. W.2d 746 (N.D.1970). There the county court denied Decker’s motion for a new trial on a charge of driving while his license was suspended. No transcript was made of the proceedings. The Supreme Court on appeal found Decker was entitled to a new trial for the reason that the State failed to provide him with a means of obtaining a transcript. In dicta the Court states that if faced with the question of whether there was a waiver of certain constitutional rights a complete record would be essential and Boykin is relied upon.
Although not in point with the issue in State ex rel. Jackson v. Henderson, I note this case for the very appropriate dissent of Chief Justice Teigen. He states that the majority makes reference to Boykin, but he finds the United States Supreme Court did not hold that a verbatim record must be made from which a correct and complete transcript may be prepared and made available in order to determine on review the prerequisites of a valid waiver. A waiver could not be presumed. But the opinion indicates, “the record must show, or there must be an allegation and evidence which show, . . . . ” If the record does not show, evidence may be produced in support of an allegation that the defendant’s constitutional rights were preserved or that his guilty plea was voluntarily made. The constitution does not require that a record be made, but if a defendant collaterally attacks the proceeding after conviction it cannot be decided in favor of the State on a silent record. It places the burden on the State to prove it has complied when the record does not so show.
In a single case reaching the Supreme Court of Ohio (State v. Piacella, 27 Ohio St.2d 92, 271 N.E.2d 852 [1971]), Boykin was understood to stand for the proposition that where the record is silent as to whether the accused voluntarily and understandingly entered his plea of guilty it was reversible error for the trial court to ac *929 cept his plea of guilty. However, the record was found to be replete with instances of defendant’s knowledge and understanding of her plea. The plea was considered voluntarily and intelligently made where the record disclosed: 1) the plea was not the result of coercion or intimidation, 2) counsel was present, 3) his advise was competent in light of the circumstances, 4) the plea was made with understanding of the charges, and 5) the plea was motivated by desire for lesser penalty or fear of consequences of a jury trial or both. Under this criteria the plea in the case at bar is valid.
Oklahoma, too, has considered Boykin on one occasion. In Mack v. State, 467 P.2d 530 (Okl.Cr.App.1970), defendant was charged with ten charges. After being found guilty of rape by a jury, the trial judge accepted his plea of guilty to all other charges with the understanding that a motion for a new trial in the rape case would be sustained. The Court then significantly found Boykin “held in essence that a plea of guilty must be voluntary, and that this must be affirmatively shown in the record.” The Court further elaborated by saying, “The transcript of the proceedings on April 18, 1968, at which time a plea of guilty was entered in all of the charges — except the rape case — clearly indicates that the petitioner understood this agreement and knowingly, voluntarily and personally entered a plea of guilty to each of said charges.” (Emphasis added.)
Pennsylvania held in Commonwealth v. Brown, 443 Pa. 21, 275 A.2d 332 (1971), that Commonwealth ex rel. West v. Rundle, 428 Pa. 102, 237 A.2d 196 (1968), stood for the proposition that henceforth it should be the practice that an on-the-record examination of defendant be conducted by the trial court to determine if the plea was voluntarily, knowingly and intelligently entered, and Boykin transposed this requirement into a constitutional mandate. Again the test is the voluntariness of the plea. No protracted ritual is required as the Court imposes in State ex rel. Jackson v. Henderson.
In Bishop v. Langlois, 256 A.2d 20 (R.I. 1969), the Rhode Island Supreme Court shows it held in Cole v. Langlois, 99 R.I. 138, 206 A.2d 216 (1965), that trial courts of the State must in the future when accepting guilty pleas cause the record to show affirmatively that defendant entered the plea intelligently and voluntarily. The Court was of the opinion that Boykin has held, in effect, that Rule 11 procedure must be followed. This requires the Court to address the defendant prior to accepting such a plea to ascertain his understanding of the criminal charges and his awareness of the consequences.
A South Carolina case makes the same substantive holding. In State v. Fuller, *931 254 S.C. 260, 174 S.E.2d 774 (1970), defendant was brought to trial for murder and, after the State’s evidence and denial of a defense motion for directed verdict, defendant entered a plea of guilty. The trial judge conducted an examination of defendant before accepting the plea. It appears from the record he told the judge his age, education, he was not under the influence of any drug, he was satisfied with his attorney’s efforts. The judge explained the punishment he could receive and he admitted his confession was true. Counsel affirmatively answered the trial judge’s inquiry of them if they were convinced defendant knew what he was doing and the seriousness of the offense and possible punishment. The Court recognized Boykin as holding that by a plea of guilty in a state criminal trial the defendant waived three federal constitutional rights. The Court found the record in the present case shows the guilty plea of defendant represented a free and intelligent waiver on his part of the constitutional rights and that such plea was voluntarily and understandingly made.
In Nachtegall v. Erickson, 178 N.W.2d 198 (S.D.1970) the South Dakota Supreme Court states, “For many years South Dakota courts by virtue of the statute and our decisions interpreting the statute have been to a large extent conforming to many of the requirements of Boykin in accepting guilty pleas. Nevertheless, it is now set-
tled as a principle of the constitutional law that a plea of guilty cannot stand unless the record in some manner indicates a free and intelligent waiver of the three constitutional rights mentioned in Boykin — self-incrimination, confrontation and jury trial ■ — and an understanding of the nature and consequences of the plea. South Dakota judges can no longer assume that an accused represented by counsel has been informed of such matters and the judge must actively participate by ‘canvassing the matter with the accused.’ A silent record is not sufficient.” With reliance upon In re Tahl, 1 Cal.3d 122, 81 Cal.Rptr. 577, 460 P.2d 449, the Court notes that therein the Court stated, “This does not require the recitation of a formula by rote or the spelling out of every detail by the trial court.”
Both Texas cases citing Boykin, Wilson v. State, 456 S.W.2d 941 (Tex.Cr.App. 1970), and Ex parte Battenfield, 466 S.W.2d 569 (Tex.Cr.App. 1971), simply state trial courts must in accepting a guilty plea of nolo contendere admonish the defendant and determine the voluntariness of that plea, a responsibility which cannot be shifted to counsel. Citing McCarthy, Boykin, Rule 11, Federal Rules of Criminal Procedure, Vernon’s Ann.Tex. C.C.P. art. 26.13 and American Bar Asso. Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty.
*933 On appeal from refusal to grant a petition for habeas corpus the Supreme Court of Utah, Hall v. Turner, 26 Utah 2d 124, 485 P.2d 1402 (1971), states in answer to the contentions that defendant was coerced into pleading guilty and that the standards of Boykin were fractured, “We believe and hold that neither contention has merit under the record here and consequently affirm the trial court.” The entire opinion is two sentences.
The only Vermont case citing Boykin, In re Lamphere, 256 A.2d 29 (Vt.1969), provides, “It is the first requirement of a judgment by confession that the plea of guilty be voluntarily entered with full understanding of its consequences. These constituents should be confirmed in the record of conviction. Boykin v. Alabama, . And if a plea is unfairly obtained through ignorance, fear or misunderstanding, it is open to collateral attack.” In this case the Court recognized there was a misunderstanding on the part of the accused and his counsel before sentence was imposed concerning the proposed recommendation of the prosecutor. The Court afforded the accused opportunity to change his plea and stand trial. The Court held, “The petitioner was present with counsel whose competence he has avowed. With that assistance, his acquiescence and approval, in allowing his plea of guilty to stand, holds him to its consequences.”
Virginia’s interpretation is found in Miracle v. Peyton, 211 Va. 123, 176 S.E.2d 339, (1970). There the Court found on petitioner’s appeal from a judgment dismissing his petition for habeas corpus, that the actions of the trial judge complied with the requirements of Boykin. In Boykin the Supreme Court held “it was error for the trial judge to accept a guilty plea without an affirmative showing on the record that the plea was voluntarily and intelligently entered.” However, the Court found the facts adequate to comply with the Boykin mandate. The record showed the judge discussed with petitioner and his attorney the proposed pleas of guilty asking petitioner if he had conferred with his attorney about the advisability of withdrawing his not guilty pleas and if he decided to withdraw on his own free will. The attorney told the judge petitioner was fully aware .of the possible results of pleas of guilty and understood the maximum punishment.
Washington’s Appellate Court said this about Boykin in McBain v. Maxwell, 2 Wash.App. 27, 466 P.2d 177 (1970): “The practical effect of Boykin for those cases arising after June 2, 1969 is to impose upon the state that requirement of Rule 11 of the Federal Rules of Criminal Procedure which states that the court shall not accept a plea of guilty without first addressing the defendant personally and de *935 termining that the plea is made voluntarily with understanding of the nature of the charge and consequences of the plea.” In light of the totally silent record an evidentiary hearing was ordered confined to the question of the voluntariness of petitioner’s guilty plea. His plea however was entered pre-Boykin.
Edwards v. State, 51 Wis.2d 231, 186 N. W.2d 193 (1971), a Wisconsin decision, recognizes that Boykin held that a plea of guilty involves a simultaneous waiver of several constitutional rights, but the Court did not read Boykin to require that these rights be specifically waived in seriatim foz-m on the record. In the Wisconsin Court’s view Boykin and McCarthy emphasize that it is important the plea be intelligently and voluntarily made and a record preserved to show the circumstances. The Court found the plea could not be invalidated on the ground that each right was not specifically waived as such on the record. “It is sufficient in such circumstances that the record shows he entered his plea voluntarily and knowingly.”
Teton v. State, 482 P.2d 123 (Wyo.1971), is a Wyoming Case. Although the Court there finds Boykin was not retroactive the Court states, “That case as any other must be interpreted in the light of the facts on which it was based and not by excerpting without background phrases which are favorable to the citator.”
Eight states (Alaska, Delaware, Idaho, Massachusetts, Montana, New Hampshire, Tennessee and West Virginia) have no reported decisions bearing upon the Boykin Case.
Nowhere in any of the authorities I have cited has the strict and ritualistic requirement of State ex rel Jackson v. Henderson been imposed as a necessary guilty plea procedure under Boykin. To the contrary, the most severe requirement these cases have considered necessary under Boykin are those of Federal Rule 11. Most jurisdictions referred to adhere to the voluntary, intelligent and understanding tests which have traditionally guided the great majority of the courts of the land. It is the test announced in the footnote of the majority opinion in the case at bar, and, I suggest, the only test demanded for a valid plea in this State. It is the test employed by the majority of the trial courts in Louisiana, even since Boykin. The State’s Attorney informs us in oral argument that the Court in which this defendant’s plea was accepted has made an effort to abide by Rule 11 procedure.
Approximately eighty-five percent of all criminal cases are disposed of by guilty pleas. It is a disservice to the orderly administration of criminal justice to impose highly technical, formalistic and ritualistic procedures upon trial judges in the discharge of their functions in this regard, and set aside the many guilty pleas since *937 Boykin, with the resulting disruption to the orderly administration of justice. Insofar as the accused represented by counsel is concerned, these formalisms serve no protective purpose as any realistic approach to the problem will disclose. For no attorney worth his salt will permit an invalid guilty plea any more than he would permit a conviction at trial, so long as he can prevent i'
To say that a plea cannot be voluntary without these formalities when nothing in Boykin or the Constitution requires it, is to impute incompetence to the host of judges, district attorneys and defense counsels who have served throughout this State’s history alongside accused parties at a guilty plea.
I cannot believe the Boykin Court intended such a result. Generally the Court has indicated an acceptable procedure, and left the states free to devise others, United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967); Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), or the Court has ruled upon the validity of a particular procedure without attempting to limit or even guide state choice of procedural mechanism beyond stating the obvious proposition that inadequate mechanisms may not be employed.
Even if State ex rel. Jackson v. Henderson is permitted to stand, the decree should be clarified. The trial courts cannot ascertain from that decree whether the defendant should be required to replead or whether he should be released as in Boy-kin. Are the “further proceedings” referred to in State ex rel. Jackson v. Henderson a proceeding wherein the defendant is required to replead or is it a proceeding requiring that the accused be discharged? The answer must be forthcoming from this Court. I find it utterly incomprehensible that this Court decreed Jackson’s discharge.